**Gilbert A. CUNEO et al., Plaintiffs,**

v.

**Melvin R. LAIRD et al., Defendants.**

**Civ. A. No. 1826–67.**

United States District Court,
District of Columbia,

Jan. 14, 1972.

---

Robert L. Ackerly, Sellers, Conner & Cuneo, Washington, D. C., for plaintiffs.

Jeffrey Axelrad, Atty., L. Patrick Gray, III, Asst. Atty. Gen., Harland F. Leathers, Atty., Civil Div., Dept. of Justice, Washington, D. C., for defendants.

OPINION

HART, District Judge.

This matter came on for consideration by the Court on cross-motions for Summary Judgment and on defendants' Motion to Dismiss. Upon consideration of said motions, with points and authorities in support thereof, and of oral arguments by counsel for the parties, and after examination of the 3-volume Contract Audit Manual (DCAAM–7640.1) of the Defense Contract Audit Agency of the Department of Defense, the Court finds as follows:

FINDINGS OF FACT

1. There is no dispute of any material fact between the parties;

2. Plaintiffs have duly requested, under 5 U.S.C. § 552, that defendants disclose to plaintiffs the entire contents of the Audit Manual mentioned above;

3. Certain portions of said Manual are available to the public and, therefore, readily available to plaintiffs. The defendants contend that the remaining portions of the Manual, that is the non-public portions, are "related solely to the internal personnel rules and practice of an agency" and, further, are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" and are, therefore, exempt from disclosure pursuant to 5 U.S.C. § 552(b) (2) and (5).

4. The Defense Contract Audit Agency (hereafter DCAA) was established by the Department of Defense on June 9, 1965. DOD Directive 5105.36. The purpose and function of DCAA is to verify from an examination of Government contractors' books and records that the costs incurred in the performance of contracts comply with the Armed Services Procurement Regulations establishing the criteria pursuant to which the Government allows or disallows contract costs. DCAA, at any given time, is responsible to audit some 43,000 contracts involving $50,000,000,000. This work is done by more than 3,000 auditors.

In view of the number of contracts involved, it is not feasible, with the personnel available, to audit and verify, in detail, all charges to all contracts. Audits must be conducted on a selective basis.

DCAA has devised certain tests, approaches and examination procedures to insure accurate audits and to carry out

its assigned mission without an item by item audit in every contract. These approaches and procedures are set forth in the non-public portions of the 3-volume Contract Audit Manual. The said Manual was prepared, and is kept up to date by changes from time to time, in order to provide uniform guidance and instructions to some 340 separate field audit offices concerning the criteria to be used in deciding what must be audited, how it shall be audited, what is to be the depth of the examination, what the frequency of audit shall be, and how to determine the extent of reliance which may be placed on the contractor's own internal controls.

5. To require the Government to make public to Defense Contractors the non-public portions of the Contract Audit Manual would be comparable to requiring one football team to give its "play-book" to the opposing team before a game.

With the knowledge of the procedure set forth in the non-public part of the Manual a defense contractor, whose complete honesty left something to be desired, could claim unallowable costs in areas likely to receive little attention, remove supporting data of a damaging nature in areas subject to scrutiny and, otherwise, take steps that might well result in bilking the Government, and hence the taxpayers, of hundreds of millions of dollars on Defense Contracts.

## CONCLUSIONS OF LAW

1. The non-public portions of the 3-volume Contract Audit Manual (DCAAM 7640.1) are exempt from disclosure to plaintiffs under 5 U.S.C. § 552(b) (2) and 5 U.S.C. § 552(b) (5).

2. Plaintiffs' Motion for Summary Judgment must be denied. Defendants' Motion for Summary Judgment must be granted. Defendants' Motion to Dismiss must be denied.

Counsel will present an Order.