**CONSUMERS UNION OF UNITED STATES, INC., et al., Plaintiffs,**

v.

**BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM et al., Defendants.**

Civ. A. No. 1766–73.

United States District Court, District of Columbia.

Oct. 24, 1975.

Supplemental Memorandum and Order March 29, 1976.

Peter H. Schuck, Washington, D. C., for plaintiffs.

Jeffrey F. Axelrad & Nicholas H. Diacou, U. S. Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM AND ORDER

BRYANT, District Judge.

Upon consideration of the motion of plaintiffs pursuant to 5 U.S.C. § 552(a)(4)(E) for an award of reasonable attorneys' fees and other litigation costs reasonably incurred in connection with the instant case; the memorandum of points and authorities and annexed at-

tachments and the affidavit of Peter H. Schuck, Esquire, submitted in support of said motion; the opposition of defendants ("the Board"); and the reply of plaintiffs; the Court makes the following findings of fact and conclusions of law:

1. Plaintiffs have substantially prevailed in this case by effecting a settlement of all issues in dispute, under which settlement the Board now is and will continue to make public under the Freedom of Information Act, 5 U.S.C. § 552, all of the interest rate information for all given categories of consumer installment loans for which such public disclosure is being sought in this case.

2. This settlement would not have been achieved in the absence of the instant litigation.

3. Plaintiffs, by bringing this suit and effecting such settlement, have vindicated an important Congressional policy, i. e., "the national policy of disclosure of government information". S.Rept. No. 93–854, at p. 18.

4. Plaintiffs, by bringing this suit and effecting such settlement, have conferred important economic benefits on consumers generally, i. e., the availability of comparative interest rate information on consumer loans and savings and time deposit accounts offered by competing institutions; the enhancement of competition resulting therefrom; and the increased possibility of future reforms increasing the availability of such information to the public.

5. Plaintiffs are non-profit, "public-interest" type consumer educational organizations and sought the interest rate information for the purpose of benefitting the general public.

■ 6. An award of reasonable attorneys' fees and other litigation costs applicable to services rendered prior to February 19, 1975 would be just and equitable to all parties; and it is by the Court this 24 day of October, 1975

ORDERED that plaintiffs are entitled to an award of reasonable attorneys' fees and other litigation costs reasonably incurred in this action, to be assessed against the United States; and it is

FURTHER ORDERED that plaintiffs, within ten (10) days of this Order, shall submit to this Court evidence concerning the quantity and fair market value of the legal services rendered, and the other litigation costs reasonably incurred by them, in this action, including those in connection with the instant motion.

## SUPPLEMENTAL MEMORANDUM AND ORDER

This action is now before the Court on plaintiffs' submission pursuant to this Court's order of October 24, 1975 awarding attorneys' fees and other litigation costs, and on defendants' motion for reconsideration and opposition to plaintiffs' submission.

Plaintiffs have calculated attorneys' fees and litigation costs totalling $19,699.19. They base these calculations on standards for determining the reasonable value of attorney's services that are set out in *National Treasury Employees Union v. Nixon,* 521 F.2d 317 (D.C.Cir., 1975).·

■ Defendants· do not dispute the quantity,[1] quality or fair market value of the legal services provided by plaintiffs' counsel. Instead, defendants move for reconsideration of this Court's order of October 24, 1975 on the grounds that an award of reasonable attorneys' fees and costs for services rendered prior to the effective date of the Freedom of Information Act amendments (February 19, 1975) is contrary to well recognized principles of sovereign immunity. This Court has previously found[2] that plaintiffs' maintenance of this action has resulted in a vindication of important congressional policies and has conferred important economic benefits on consumers generally. The Court has held that ap-

---

1. Except for plaintiffs' two (2) hour error in overcalculating one attorney's hours correctly pointed out by defendants.

2. Order of October 24, 1975.

plication of the attorneys' fee is just and equitable. In these circumstances and in the absence of persuasive arguments to the contrary by defendants, the award of attorneys' fees and costs for all time reasonably expended continues to be just and proper. See, *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2021, 40 L.Ed.2d 476, 488 (1974).

■ Defendants also argue that the requested attorneys' fees are excessive since litigation was conducted either by in-house salaried attorneys or by an attorney rendering his services on a *pro bono publico* basis. This argument is without merit. When, as in the instant case, counsel serve organizations for far less than fair market compensation because they believe those organizations further the public interest, the Court has the authority to award them the actual value of their service. *National Treasury Employees Union v. Nixon, supra* at 322–323.

Defendants do, however, correctly point out a two (2) hour error in calculating the hours of one of plaintiffs' attorneys.

Accordingly, it is this 29 day of March, 1976,

ORDERED, that plaintiffs' submission pursuant to this Court's order of October 24, 1975 awarding attorneys' fees and other litigation costs be, and hereby is, granted, as modified above, in the amount of $19,549.19; and it is

FURTHER ORDERED that defendants' Motion For Reconsideration be, and hereby is, denied.