**Norman E. HOLLY, Plaintiff,**

v.

**Vernon B. ACREE and the United States Customs Service, Defendants.**

**Civ. A. No. 75–2116.**

United States District Court, District of Columbia.

Sept. 3, 1976.

John Cary Sims, Washington, D. C., for plaintiff.

Derek I. Meier, Asst. U. S. Atty. for the District of Columbia, Washington, D. C., for defendants.

MEMORANDUM AND ORDER

BRYANT, District Judge.

This matter is now before the Court on plaintiff's request for an award of attorney's fees under the Freedom of Information Act. Section 552(a)(4)(E) of Title 5 permits the Court to assess against the United States "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." The Court has earlier determined that plaintiff has substantially prevailed in this action, and granted his motion for costs. The question now arises whether plaintiff, who has appeared *pro se* during much of this action, may be awarded attorney fees for the time he has expended in prosecuting this suit.

The government reads subsection (a)(4)(E) as requiring that attorney fees have actually been incurred before the

Court may make an award under that provision. It also argues that because the legislative history shows an intent on the part of Congress to overcome a barrier to vindication of rights under the Act by allowing attorney fees for successful litigants, Congress also intended that such awards could only be made to actual counsel. In effect, the government argues that awards may only be made to members of the bar.

■ The Court cannot agree with the government's interpretation of the attorney fees provision, for two principal reasons. First, the wording of the provision shows that the phrase "reasonably incurred" modifies the phrase "other litigation costs", not the larger phrase "reasonable attorney fees and other litigation costs". The use of the word "reasonable" immediately preceding "attorney fees" and modifying that phrase precludes the conclusion that another phrase containing the word "reasonable" is used to modify "attorney fees" as well. The Court concludes therefore that attorney fees need not have been "actually incurred" to be within the ambit of the provision.

Secondly, the policy of the Act is better served by such an interpretation than that sought by the government. Barriers are removed and persons are encouraged to vindicate their FOIA rights more by permitting them to recover fees for the time spent in the role of their own attorneys than by confining such awards to members of the bar. Moreover, when persons exercise their right to represent themselves before the bar of justice they are in every sense functioning as attorneys: they do research, file pleadings, and advocate their cause. It has been recognized that lawyers on the staffs of organizations may nevertheless be compensated under the Act at the fair market value of their services, *National Treasury Employees Union v. Nixon*, 172 U.S.App. D.C. 217, 521 F.2d 317 (1975), and no rational ground exists upon which to distinguish awards to such persons, who are functioning in an essentially *pro se* role, from persons such as plaintiff who also function in the role of attorney on their own behalves,

merely because one happens to be a member of the bar and the other does not. Such a distinction would be arbitrary and would erect a barrier to the vindication of FOIA rights, contrary to the intent of Congress.

■ Plaintiff also requests an award of attorney's fees for his counsel, who has handled the latter part of these proceedings for him. The Court finds that such an award would be just and proper, and will approve the precise amount of that award upon submission of a statement of services by counsel. Accordingly, it is by the Court this 3rd day of September, 1976,

Ordered, that plaintiff's request for attorney's fees in the amount of six hundred twenty dollars ($620) be and hereby is granted; and

Ordered Further, that plaintiff's motion for attorney fees for counsel be and hereby is granted.