Gilbert A. CUNEO et al., Appellant,

v.

Donald H. RUMSFELD et al.

No. 75–2219.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 14, 1976.

Decided March 24, 1977.

Rehearing Denied May 11, 1977.

Robert L. Ackerly, Washington, D.C., for appellant.

Edwin E. Huddleson, III, Atty., Dept. of Justice, Washington, D.C., with whom Rex E. Lee, Asst. Atty. Gen., Earl J. Silbert, U.S. Atty. and Leonard Schaitman, Atty., Dept. of Justice, Washington, D.C., were on the brief, for appellee.

Before TAMM, MacKINNON and WIL-KEY, Circuit Judges.

Opinion for the Court filed by TAMM, Circuit Judge.

TAMM, Circuit Judge:

This appeal arises from the district court's denial of the request of the appellant, Gilbert A. Cuneo, for attorney fees under section 552(a)(4)(E) of the Freedom of Information Act[1] (FOIA). The principal issues for review are whether Cuneo, a member of the law firm which brought the action, may recover attorney fees under section 552(a)(4)(E) and whether that section applies to actions instituted before but terminated after its effective date.

After almost eight years of litigation, the appellees, the Secretary of Defense and the Director of the Defense Contract Audit Agency (DCAA), voluntarily released the information which Cuneo had requested while his FOIA suit was still pending in the district court. Upon appellees' motion that action was dismissed as moot. Cuneo then petitioned the district court for an award of reasonable attorney fees pursuant to section 552(a)(4)(E). Although the court found that Cuneo had substantially prevailed in this litigation within the meaning of section 552(a)(4)(E), it nonetheless held that he was not entitled to an award of attorney fees because section 552(a)(4)(E) could not be applied retroactively, and Cuneo and his counsel were partners in the practice of law and thus were appearing *in propria persona*. J.A. at 129.

In light of the legislative history and policy considerations of FOIA, we find that: 1) section 552(a)(4)(E) may be applied to actions filed before, but terminated after its effective date; and 2) an attorney appearing *in propria persona* may be entitled to an award of attorney fees. Therefore we reverse the decision of the district court and remand for a determination of the appropriateness of an award to appellant.

## HISTORY OF THE LITIGATION

Appellant instituted this litigation on July 14, 1967, seeking production of the Defense Department's Defense Contract Audit Manual (Manual). The Manual prescribes the procedures and guidelines utilized by DCAA in auditing government contracts, including auditing and reporting standards and general audit requirements. The government resisted disclosure of the Manual and the case was argued before the United States District Court for the District of Columbia in January, 1972. After an *in camera* examination of the Manual, the court concluded that non-public portions were exempt from disclosure under sections 552(b)(2) and (5) of the FOIA which exempt internal personnel rules and practice, and intra- and inter-agency memoranda. *Cuneo v. Laird,* 338 F.Supp. 504 (D.D.C.1972), *rev'd* 157 U.S.App.D.C. 368, 484 F.2d 1086 (1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). On appeal this court reversed the district court and remanded the case with directions to determine whether portions of the Manual constituted "secret law." 157 U.S.App.D.C. 368, 484 F.2d 1086 (1973).

Pursuant to this court's recommendation the district court then ordered the appointment of a special master to review the entire case. J.A. at 107. The appellees' petition for a Writ of Prohibition and/or Mandamus to block that action was denied, *Schlesinger v. United States District Court for the District of Columbia,* No. 75–1013 (D.C.Cir. January 6, 1975), *cert. denied,* 421 U.S. 952, 95 S.Ct. 1688, 44 L.Ed.2d 107 (1975), and on January 7, 1975, the district court appointed a special master to review all portions of the Manual and make specific findings and conclusions on the claimed exemptions. J.A. at 108. Appellees' appeal from this order was dismissed, *Cuneo v. Schlesinger,* No. 75–1005 (D.C.Cir. January 10, 1975), but, on February 24, 1975, this court granted appellees' motions to stay the

---

1. 5 U.S.C. § 552(a)(4)(E) (1974) provides:

 The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which complainant has substantially prevailed.

district court's appointment of a special master to permit the government to seek review in the Supreme Court. *Cuneo v. Schlesinger,* No. 75–1013 (D.C.Cir. February 24, 1975). The Supreme Court denied certiorari, 421 U.S. 952, 95 S.Ct. 1688, 44 L.Ed.2d 107 (1975). Finally, with review by a special master pending and a lengthy record of tedious litigation covering a period of eight years, appellees released the Manual in its entirety on June 6, 1975.

After the Manual's release, appellees filed a motion to dismiss due to mootness. The district court granted the motion but retained jurisdiction to consider the award of attorney fees. J.A. at 116. Appellant filed a petition for attorney fees and costs under section 552(a)(4)(E), J.A. at 116, but the district court denied his request. J.A. at 129. Appellant now seeks review of that decision.

## FACTUAL BACKGROUND

Cuneo and his law firm specialize in the field of government contract law and in that connection represent four of the five largest defense contractors in the United States. J.A. at 8. Among these clients are companies which are awarded billions of dollars in defense contracts annually. *Id.* Appellant and his clients must, therefore, participate in extensive negotiations with government agents who specifically represent the DCAA. In these dealings appellees' agents rely on provisions of the Manual to determine allowability and allocability of costs. J.A. at 11. In his FOIA suit appellant asserted that the unavailability of the Manual seriously impaired his ability to effectively assist his clients during the contract negotiations. Apparently appellant

felt disclosure of the Manual would benefit the commercial interest of his clients and in turn his law practice, and thus he instituted a suit to obtain the Manual.

While this action was pending Congress added section 552(a)(4)(E) to the FOIA to provide that attorney fees and other reasonable litigation costs could be awarded to complainants who substantially prevailed in FOIA actions. The statute became law on February 19, 1975.

## ISSUE ANALYSIS

It is firmly established in the United States that the "American rule" ordinarily precludes an award of attorney fees to the prevailing litigant. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Departure from this rule, in the form of both statutory and equitable exceptions, has been limited and discretely applied. *Id.* at 269, 95 S.Ct. 1612. Moreover, sovereign immunity prevents the award of costs or fees against the United States, absent specific statutory authorization. *Id.* at 267–68, 95 S.Ct. 1612. Although Congress has enacted a general waiver of sovereign immunity with respect to most litigation costs, 28 U.S.C. § 2412 (1970),[2] that provision does not allow recovery of attorney fees unless they are specifically provided for in another statute. *National Association of Regional Medical Programs, Inc. v. Matthews,* 179 U.S.App.D.C. 154, 551 F.2d 340 (1976).

Congress has specifically provided for the award of attorney fees in FOIA suits by enacting section 552(a)(4)(E). The legislative history of that section is extensive and illuminating. Congress realized that too of-

---

2. Title 28 U.S.C. § 2412 (1970) provides:

Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title *but not including the fees and expenses of attorneys* may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such ac-

tion. A judgment for costs when taxed against the Government shall, in an amount established by statute or court rule or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by him in the litigation. Payment of a judgment for costs shall be as provided in section 2414 and section 2517 of this title for the payment of judgments against the United States. (Emphasis added).

ten the insurmountable barriers presented by court costs and attorney fees to the average person requesting information under the FOIA enabled the government to escape compliance with the law.[3] Recognizing that the FOIA had established a national policy of public disclosure of government information, Congress found it appropriate and desirable, in order to effectuate that policy, to provide for the assessment of attorney fees against the government where the complainant prevailed in FOIA litigation.[4]

The Senate version of what was to become section 552(a)(4)(E) specified four criteria to be considered by the court in exercising its discretion to award attorney fees: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law.[5] The conference substitute followed the Senate version except that the criteria set forth above were eliminated.[6] The conference report explicitly states, however, that by eliminating these criteria the conferees did not intend to make the award of attorney fees automatic or to preclude the courts, in exercising their discretion in awarding such fees, from taking such criteria into consideration.[7] Instead, the conferees believed that because the existing body of law on the award of attorney fees recognized such factors, a statement of the criteria would be too delimiting and therefore was unnecessary.[8] *See American Federation of Government Employees v. Rosen,* 418 F.Supp. 205, 207–08 (N.D.Ill. 1976).

 In resolving the issues presently before us we must take heed of congressional intent as expressed in the legislative history of the 1974 amendments to the FOIA. As a precondition to eligibility for an award of attorney fees under section 552(a)(4)(E), the FOIA complainant must first be deemed to have substantially prevailed in the action.[9] We believe that the district court was correct in its ruling that the complainant in this case did substantially prevail in the action.

The government contends that, since the Manual was released voluntarily and not as the result of a court order or judgment, the appellant did not substantially prevail and therefore is not eligible for an award of costs and attorney fees.[10] This contention has no merit. Recent court decisions and the legislative history of section 552(a)(4)(E) support a contrary conclusion. In *Vermont Low Income Advocacy Council v. Usery,* 546 F.2d 509 (2d Cir. 1976), the Second Circuit held that under section 552(a)(4)(E) a judgment is not an absolute prerequisite to an award of attorney fees. Judge Friendly thought it clear that Congress did not mean that, where a FOIA suit had gone to trial and developments made it apparent that the judge was about to rule for the complainant, the government could abort any award of attorney fees by an eleventh hour tender of the information requested. *Id.*

Various district courts are in agreement with the Second Circuit. In *Goldstein v. Levi,* 415 F.Supp. 303, 305 (D.D.C.1976), Judge Parker held that the purpose of section 552(a)(4)(E) was to encourage private citizens to bring to the attention of the courts any unlawful withholding of information by government agencies. The court reasoned that this purpose would be defeated and frustrated if complainants were forced to forfeit their claim for fees upon

---

3. S.Rep.No.93–854, 93d Cong., 2d Sess. 17 (1974).

4. *Id.* at 18.

5. *Id.* at 19.

6. H.R.Rep.No.93–1380, 93d Cong., 2d Sess. 10 (1974), U.S.Code Cong. & Admin.News 1974, p. 6267.

7. *Id.*

8. *Id.*

9. 5 U.S.C. § 552(a)(4)(E) (Supp. V 1975).

10. Brief for Appellees at 9.

the surrender of the materials before formal action by the court. *Id.*

In *Communist Party of the United States v. Department of Justice*, No. 75–1770, Slip op. at 3 (D.D.C. March 23, 1976), Judge Flannery expressed the view that:

> [i]f the government could avoid liability for fees merely by conceding the cases before final judgment, the impact of the fee provision would be greatly reduced. The government would remain free to assert boilerplate defenses, and private parties who served the public interest by enforcing the Act's mandates would be deprived of compensation for the undertaking.

Finally, in *Kaye v. Burns*, 411 F.Supp. 897, 902 (S.D.N.Y.1976), Judge Carter stated that it was inconceivable that the recovery of attorney fees could be foreclosed whenever the government chose to moot an action under the FOIA by supplying, during the pendency of the litigation, the material sought in the complaint. The court concluded that a proper construction of the "substantially prevailed" requirement in light of section 552(a)(4)(E)'s legislative history and intent, would not preclude the recovery of attorney fees and litigation costs where the government, after commencement of the litigation, had acted to moot the action by supplying the material sought. *Id.*

We believe this view to be correct, and conclude that appellant did substantially prevail within the meaning of section 552(a)(4)(E). *See American Federation of Government Employees v. Rosen*, 418 F.Supp. at 209. After almost eight years of tedious, hard fought litigation, the government, faced with the appointment of a special master to review the case, decided to supply the material requested. Appellant's action had a causative effect on the government's decision. The government decided to surrender the Manual rather than go through a review by the special master. The case would never have reached the status it did if appellant had not doggedly pursued the matter.

■ In enacting section 552(a)(4)(E) Congress sought to encourage the average person, who would ordinarily find the barriers of court costs and attorney fees insurmountable, to pursue legitimate FOIA actions.[11] The effectiveness of this incentive would be greatly diminished if the complainant was forced to bear the costs whenever the government chose to release the requested information during the pendency of the action but prior to a judgment or a court order.

Although a complainant may have substantially prevailed in an action, the award of costs and attorney fees does not automatically follow.[12] There are other factors which the court should consider in determining the appropriateness of an award of costs and attorney fees.[13] The conference report indicates that the criteria listed in an earlier senate report [14] are to be considered as part of the existing body of law on the award of attorney fees.[15]

■ Whether the government's withholding of the information requested had a reasonable basis in law should be an important factor in the court's exercise of its discretion under section 552(a)(4)(E).[16] The FOIA requires disclosure upon request of identifiable agency records, unless those records fall within one of nine specific exemptions. *NLRB v. Sears, Roebuck and Co.*, 421 U.S. 132, 136, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). To satisfy the "reasonable basis in law" requirement it is not necessary for the court to find that the information the government chose to withhold was in fact exempt. *Kaye v. Burns*, 411

---

11. S.Rep.No.93–854, *supra* note 3.

12. H.R.Rep.No.93–1380, *supra* note 6.

13. *Id.*

14. S.Rep.No.93–854, *supra* note 3, at 19.

15. H.R.Rep.No.93–1380, *supra* note 6.

16. S.Rep.No.93–854, *supra* note 3, at 19.

F.Supp. at 904. What is required is a showing that the government had a reasonable basis in law for concluding that the information in issue was exempt and that it had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior. *Id.*

In this case the government has satisfied the reasonable basis requirement. At one stage in this litigation the district court had found that parts of the Manual were exempt.[17] This confirms that the government had at least a reasonable basis for concluding the withholding to be proper. Of course the reasonableness of the government's opposition does not preclude a recovery of costs and attorney fees. It is but one aspect of the decision left to the discretion of the trial court.

■■■ The trial court found that since Cuneo and the person appearing on his behalf were partners in the same law firm they were appearing *in propria persona* and therefore Cuneo did not incur any liability to pay attorney fees. Since he did not incur any liability for attorney fees the court ruled he was not entitled to an award because section 552(a)(4)(E) only authorizes a court to assess "reasonable attorney fees and other litigation costs reasonably incurred . . . ." 5 U.S.C. § 552(a)(4)(E) (Supp. V 1975). The law is not clear on the question of whether a party appearing on his own behalf, who is also an attorney, is entitled to tax attorney fees as costs.[18] In light of the legislative history of section 552(a)(4)(E), a complainant, who is otherwise eligible under that section for an award of attorney fees, should not be denied those fees simply because he happens to be an attorney. We find the reasoning of Judge Bryant in *Holly v. Acree,* 72

F.R.D. 115 (D.D.C.1976) to be persuasive. Judge Bryant found that the wording of section 552(a)(4)(E) shows that the phrase "reasonably incurred" modifies the phrase "other litigation costs", and not the larger phrase "reasonable attorney fees and other litigation costs". *Id.* at 116. The court reasoned that the use of the word "reasonable" immediately preceding and modifying "attorney fees" precludes the conclusion that another phrase containing the word "reasonable" is used to modify "attorney fees" as well. *Id.* Judge Bryant therefore held that attorney fees need not be "actually incurred" to be within the ambit of a costs award under section 552(a)(4)(E). *Id.* We agree.

The policy considerations underlying the FOIA support this conclusion. In enacting section 552(a)(4)(E) Congress sought to lower the barriers facing the average person requesting information.[19] Furthermore, successful FOIA litigants enhance the public interest by bringing the government into compliance with the law. As agents of the national policy of public disclosure it is equitable that they be awarded for their service. Under current federal attorney fee statutes when the social service rendered by the prevailing party is substantial, the courts have been willing to dispense with formal and rigid attorney and client requirements. *See Clark v. American Marine Corp.,* 320 F.Supp. 709 (E.D.La.), *aff'd,* 437 F.2d 959 (5th Cir. 1970). A successful FOIA litigant is entitled to similar consideration.

■■ The district court also held that section 552(a)(4)(E) could not be applied to actions such as this. J.A. at 129. We disagree. The government contends that since statutes waiving the sovereign immunity of the federal government are to be strictly

---

17. *Cuneo v. Laird,* 338 F.Supp. 504 (D.D.C. 1972), *rev'd,* 484 F.2d 1086 (1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

18. *See* 20 *Am.Jur.2d Costs* § 77 (1965). Some courts have held that a pro se attorney is not entitled to a fee against his adversary. *Bone v. Hibernia Bank,* 354 F.Supp. 310, 311 (N.D.Cal. 1973); *O'Connell v. Zimmerman,* 157 Cal.

App.2d 330, 321 P.2d 161 (1958). Other courts have held that the pro se attorney may tax the same fees as if he had appeared for another. *Winer v. Jonal Corp.,* 545 P.2d 1094, 1096 (Mont.1976); *Cheney v. Ricks,* 168 Ill. 533, 48 N.E. 75, 81 (1897).

19. S.Rep.No.93–854, *supra* note 3.

construed, *see Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. at 267–68, n. 42, 95 S.Ct. 1612, 44 L.Ed.2d 141, and that since section 552(a)(4)(E) is silent on the issue of retroactivity, Congress must not have intended it to apply to legal services rendered prior to its enactment. The legislative history, however, reveals that Congress intended that the courts should look to the existing body of law on the award of attorney fees in determining whether an award is appropriate.[20] The substantial weight of judicial precedent is that the right to costs, including attorney fees, is controlled by the law at the time the action is terminated, and not the law in force at the time of commencement.[21]

In *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court held that the attorney fee provision of the Emergency School Aid Act of 1972, § 718, 20 U.S.C. § 1617 (Supp. V 1975) covered attorney's services that were rendered before the statute was enacted where the propriety of the fee award was pending when the statute became law. The court based its decision on the principle that a court should apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. *Id.* at 711, 94 S.Ct. 2006. Furthermore, the Court recognized that the plaintiffs had rendered a substantial service to both the board of education, by bringing it into compliance with its constitutional mandate, and the community at large, by securing for it the benefits assumed to flow from a nondiscriminatory educational system. *Id.* at 718, 94 S.Ct. 2006.[22]

A successful FOIA complainant also has rendered substantial service to both the government by bringing it into compliance with the policy underlying the FOIA, and to the public at large by securing for it the benefits assumed to flow from public disclosure of government information. We agree with Judge Bryant that most successful FOIA actions result in the vindication of important congressional policies and confer important benefits on the public generally. *Consumers Union v. Board of Governors of the Federal Reserve System,* 410 F.Supp. 63 (D.D.C.1976). Thus we hold that in an action which is terminated after 552(a)(4)(E)'s effective date, the trial court may award attorney fees to a litigant who is otherwise deserving under that section.

## CONCLUSION

We have concluded that appellant has "substantially prevailed" within the meaning of section 552(a)(4)(E), that that section may be applied retroactively to actions filed before, but terminated after, its effective date, and that an otherwise deserving FOIA complainant may receive an award of attorney fees even though he may not have actually incurred any liability to pay attorney fees. Therefore we must reverse the decision of the trial court. It is clear from the legislative history that Congress did not intend the award of attorney fees to be automatic.[23] Instead, the trial court must weigh the facts of each case against the criteria of the existing body of law on the award of attorney fees and then exercise its discretion in determining whether an award is appropriate.[24]

One important factor which the trial court should take into consideration is

---

**20.** See H.R.Rep.No.93–1380, *supra* note 6.

**21.** *Jeffcoat v. Highway Contractors, Inc.,* 508 P.2d 1083 (Okl.App.1972); *Hogan v. Ingold,* 38 Cal.2d 802, 243 P.2d 1 (1952); *Igoe Brothers v. National Surety Co.,* 112 N.J.L. 243, 169 A. 841 (1934).

**22.** *See Dowell v. Board of Education,* 71 F.R.D. 49 (W.D.Okl.1976). The court, relying on the same public service rationale as the Supreme Court in *Bradley v. Board of Education of the*

City of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), found that 20 U.S.C. § 1617 (Supp. V 1975) authorized an award of attorney fees even though the legal services had been rendered prior to the effective date of the statute.

**23.** H.R.Rep.No.93–1380, *supra* note 6.

**24.** *Id.*

whether the action was brought to advance the private commercial interest of the complainant.[25] Section 552(a)(4)(E) was not intended to compensate FOIA complainants who have a private commercial interest in disclosure which is sufficient incentive to pursue their claim through the courts. The facts of this case suggest that a private incentive was present. Appellant vigorously litigated this suit for seven years with full knowledge that the FOIA did not provide for the award of attorney fees.[26] Apparently Cuneo thought that the time his firm would have to invest in the suit was worth the gamble that the Manual would be obtained. Appellant's own partner explicitly stated in an affidavit that disclosure of the Manual was critical to their firm's rendering effective assistance to its clients.[27] The FOIA was fundamentally designed to inform the public and not to benefit private litigants. *Capital Cities Communications, Inc. v. NLRB,* 409 F.Supp. 971, 977 (N.D.Cal.1976). If the potential for private commercial benefit was sufficient incentive to encourage Cuneo to pursue his FOIA claim, the policy objectives of section 552(a)(4)(E) would be met and it would *not* be improper for the trial court to deny his request for attorney fees. *See Kaye v. Burns,* 411 F.Supp. at 905.

We feel the appropriate course is to remand for a decision by the district court in light of the relevant factors articulated in this opinion. Although we may well have the authority to make our own discretionary decision under section 552(a)(4)(E),[28] in this area where Congress has relied on the broad discretion of the courts, we feel it is better to have that discretion exercised by the court which has been most intimately connected with the case. A remand does not necessarily require any further delay for additional proceedings although the district court is free to conduct what inquiry it deems necessary for a full exploration of the relevant factors.

*Reversed and Remanded.*

---

**25.** S.Rep.No.93–854, *supra* note 3, at 19.

**26.** Section 552(a)(4)(E) did not become effective until February 19, 1975. Prior to that time the FOIA did not contain an attorney fee provision. Cuneo filed this action on July 14, 1967, and achieved disclosure of the Manual on June 6, 1975.

**27.** J.A. at 8, 11, 14.

**28.** *Vermont Low Income Advocacy Council v. Usery,* 546 F.2d 509 (2d Cir. 1976).