George Reynolds JONES, Jr., Plaintiff,

v.

UNITED STATES SECRET SERVICE et al., Defendants.

Civ. A. No. 78–891.

United States District Court,
District of Columbia.

Feb. 28, 1979.

George Reynolds Jones, Jr., plaintiff, pro se.

Robert M. Werdig, Jr., Asst. U. S. Atty., Washington, D. C., for the United States.

BARRINGTON D. PARKER, District Judge.

### MEMORANDUM ORDER AND JUDGMENT

Plaintiff George Reynolds Jones, Jr., seeks by way of a motion for summary judgment attorney fees and litigation costs in this *pro se* action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Defendants have opposed and moved for summary judgment in their favor. For the reasons set forth, the Court concludes that plaintiff is entitled to $425. Since this is the last issue remaining in this litigation, this action is dismissed.

Section 552(a)(4)(E) of FOIA allows considerable discretion in such awards:

The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

The plaintiff has substantially prevailed. Since Jones filed this action, the Secret Service has provided him some 259 pages of records pursuant to his request for information regarding his criminal conviction. Prior to the initiation of the suit, the Secret Service refused to release any information, arguing that it was exempt from disclosure under the FOIA. It does not matter that the records were released voluntarily and not as a result of a court order. *Cuneo v. Rumsfeld,* 180 U.S.App.D.C. 184, 188, 553 F.2d 1360, 1364 (1977); *Goldstein v. Levi,* 415 F.Supp. 303 (D.D.C.1976).

Nor is Jones, a federal prisoner, barred from recovery by the fact that he is a *pro se* plaintiff. In *Holly v. Acree,* 72 F.R.D. 115 (D.D.C.1976), *aff'd,* 186 U.S. App.D.C. 329, 569 F.2d 160 (1977), the Court awarded attorney fees to an individual plaintiff who had sued the United States Customs Service for records regarding the agency's investigation of his complaint alleging unlawful seizure and abuse by Customs agents. The Court observed that such awards would encourage persons to vindicate their FOIA rights and commented further, "when persons exercise their right to represent themselves before the bar of justice, they are in every sense functioning as attorneys: they do research, file pleadings, and advocate their cause." 72 F.R.D. at 116.

In deciding whether to award attorney fees and costs under the FOIA, the Court should consider 1) the public benefit; 2) the commercial benefit, if any, to the plaintiff and the nature of his interest in the records sought; and 3) the legal reasonableness of the government's withholding of the material. *Nationwide Building Maintenance, Inc. v. Sampson,* 182 U.S.App. D.C. 83, 90, 559 F.2d 704, 711 (1977).

Plaintiff's interest in the documents sought is clearly not commercial. He is seeking his liberty. By this test he is not disqualified from receiving fees. *Cuneo v. Rumsfeld,* 180 U.S.App.D.C. at 192, 553

F.2d at 1368. Nor is he barred on grounds that the government's blanket denial was reasonable. The government did offer reasons for its refusal—it cited certain of the Act's exemptions—but that is not enough. The government could presumably have released the documents at the outset without protest or damage as it now has done. The mere claim of exemptions does not constitute a reasonable basis for nondisclosure; the government routinely invokes such exemptions whenever it refuses to release records. That leaves the public interest. The public interest may not be as clear in this proceeding as in a classic consumer case involving a possible threat to the public health, safety, or welfare. But there is a public interest in keeping open the avenues of relief to such plaintiffs as Jones to whom they are indeed limited. Had plaintiff hired a lawyer, a difficult task for a prisoner, the Court probably would have little hesitancy in awarding fees.

Having thus concluded that plaintiff is entitled to attorney fees, the Court must decide what constitutes a "reasonable" fee for a *pro se* plaintiff. There is little precedent on the issue but criteria employed in awarding fees to FOIA attorneys offer some guidance. They include the customary fee charged by the attorney; the experience, reputation, and ability of the attorney; the level of skill required; and the novelty and complexity of the issues presented. *Goldstein v. Levi,* 415 F.Supp. at 303–04. Another possible factor is that of costs, including overhead. *See Copeland v. Marshall,* 193 U.S.App.D.C. —— at ——, 594 F.2d 244 at 251 (1978).

On the basis of these criteria, the Court cannot grant plaintiff his full request for $4,250 in attorney fees and costs. Plaintiff seeks compensation for 85 hours at an hourly rate of $50. The $50 rate would be a moderate one for an attorney, but plaintiff is not a member of the profession and his experience is correspondingly limited. The large number of hours spent reflects his inexperience, as plaintiff himself concedes. The number also reflects time spent by him doing clerical work, for example typing and collating. He should not be compensated for this activity at attorney rates. Nor is plaintiff dependent on the fees awarded for his livelihood. He did not incur many expenses in pursuing this case from his prison cell. Nor did he give up other regular income to do so. Indeed Jones is currently being supported—albeit against his will—at public expense and this must be taken into account. Because Jones was permitted to proceed *in forma pauperis* in this action, he has not incurred filing fees and other court costs.

Plaintiff, however, has pursued his case diligently and with considerable skill and should be given some compensation for doing so. Indeed, Jones succeeded in having this Court's May 30, 1978, Order of Dismissal vacated and the case reinstated by the Court of Appeals on August 7, 1978. The Court therefore determines that he is entitled to collect for half of the hours claimed (42½) at an hourly rate of $10 for a total award of $425.

Under all of the circumstances presented the Court finds that plaintiff's request for a fee covering services rendered is reasonable and further that an award of $425 is fair and adequate. Accordingly, it is this 28th day of February, 1979,

ORDERED that defendant United States Secret Service's motion for summary judgment is denied; and it is

FURTHER ORDERED that plaintiff's motion for summary judgment is granted and the United States Secret Service shall pay the sum of $425 to George Reynolds Jones, Jr., as compensation for his efforts as a *pro se* attorney; and it is

FURTHER ORDERED that judgment is entered for plaintiff and this action is dismissed.