Kenneth OWENS–EL and Inmates and Future Residents of Allegheny County Jail, Plaintiffs,

v.

William ROBINSON and James Jennings, Defendants.

Civ. A. No. 75–412.

United States District Court, W. D. Pennsylvania.

Oct. 16, 1980.

Kenneth Owens–El, pro se.

Jere Krakoff, Neighborhood Legal Services, Pittsburgh, Pa., for plaintiffs.

James H. McLean, County Law Dept., Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

COHILL, District Judge.

We have before us a petition for an award of attorney's fees filed by Kenneth Owens–El under the Civil Rights Act, 42 U.S.C. § 1988 (1976), and a motion for a hearing with respect to certain alleged conditions at the Allegheny County Jail.

### I.

#### Attorney's Fees

The history giving rise to this motion is reflected in large measure, if not completely, in two opinions of this Court and one of the Third Circuit Court of Appeals: 442 F.Supp. 1368 (W.D.Pa.1978); 457 F.Supp. 984 (W.D.Pa.1978); 612 F.2d 754 (3d Cir. 1979). Petitioner Kenneth Owens–El is a former inmate of the Allegheny County Jail, Pittsburgh, Pennsylvania. In 1975, he filed a pro se suit challenging the constitutionality of the conditions under which the inmates of the jail were confined and seeking money damages and equitable relief.

In 1976, Neighborhood Legal Services ("NLS") filed a class action suit in behalf of all jail inmates–past, present, and future–petitioning for a declaratory judgment holding that the confinement conditions at the jail violate the constitutional rights of the inmates. These two cases were consolidated for trial and certified as a class action. We permitted Calvin Milligan, a member of the class, and plaintiff, Kenneth Owens–El, to act as their own legal counsel in cooperation with the NLS attorneys.

The plaintiffs filed their suit under 42 U.S.C.A. § 1983 (West Pamphlet 1980) (the Civil Rights Act of 1871), contending that the conditions within the Allegheny County Jail ("jail") constituted cruel and unusual punishment proscribed by the Eighth Amendment of the United States Constitution, violated their rights to due process and equal protection under the Fourteenth Amendment of the Constitution, and violated various rights under the First, Fourth, and Sixth Amendments of the Constitution. A six week non–jury trial began in this Court on August 15, 1977. The subsequent Opinion, Findings of Fact and Conclusions of Law, issued January 4, 1978, were reported under the designation Owens–El v. Robinson, 442 F.Supp. 1368 (W.D.Pa.1978). We found that in many areas the inmates had been deprived of their constitutional rights; our Order required changes in the conditions of the jail and provided for the appointment of an expert to serve as a court advisor for and monitor of the implementation of the order. We entered judgment in favor of the defendants on plaintiffs' claim for money damages, but we held that the defendants were to pay all costs. On August 17 and 18, 1978, a final hearing was held, at which the court advisor testified as the court's witness and was cross–examined by all counsel and the pro se plaintiff, Kenneth Owens–El. Our final opinion and order of October 11, 1978 incorporated the findings of the first opinion and amended the prior order. Owens–El v. Robinson, 457 F.Supp. 984 (W.D.Pa.1978). An appeal by the inmates of the Allegheny County Jail followed, seeking review of this Court's holding that three of the challenged conditions did not violate the constitutional rights of the inmates. The Third Circuit affirmed on two issues and remanded the question of the jail's handling of prisoners who have mental health problems. Inmates of Allegheny County Jail v. Peirce, 612 F.2d 754 (3d Cir. 1979).

Kenneth Owens–El participated in the original action filed against the jail as a pro se litigant–inmate. His petition for an award of attorney's fees as the prevailing party in a civil rights action is based on 42 U.S.C. § 1988 (1976). That statute provides:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The issue for consideration in the present case is whether a *pro se* plaintiff in a civil rights action is entitled to an award of attorney's fees when he has been successful on significant issues. This issue was addressed by the United States Court of Appeals for the Eighth Circuit in the case of *Davis v. Parratt*, 608 F.2d 717 (8th Cir. 1979). The court of appeals affirmed a Nebraska district court order denying the *pro se* inmate attorney's fees under 42 U.S.C. § 1988 (1976). The facts in that case resemble those in the present case. In September, 1976, Cliff Davis filed a *pro se* complaint in *forma pauperis* under 42 U.S. C.A. § 1983 (West Pamphlet 1980) against several officers of the Nebraska Penal and Correctional Complex. His case was consolidated for trial with similar suits under section 1983 brought by other inmates who had received appointed counsel. The plaintiffs' complaint was that the inmate legal library was inadequate and that the plaintiffs had been denied reasonable access to that library. The district court found for the plaintiffs and entered orders requiring the defendants to take certain steps to improve the library. The court retained jurisdiction to ensure compliance. Davis argued that as a trained para–legal, he was entitled to attorney's fees under 42 U.S.C. § 1988 (1976) in the amount of $25.00 per hour for his work in preparing his case.

The district court denied Davis' petition for attorney's fees, but awarded him $351.65 as costs. The court of appeals affirmed per curiam, holding that

[t]he legislative history of Section 1988 reveals that its purpose is not to compensate pro se litigants, but to provide counsel fees to prevailing parties in order to give private citizens a meaningful opportunity to vindicate their rights:

In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, ... [they] must have the opportunity to recover what it costs them to vindicate these rights in court. S.Rep.No.94–1011, 94th Cong., 2d Sess. 2, *reprinted in* [1976] U.S. Code Cong. and Ad. News, pp. 5908, 5910 . . . . This section presupposes a relationship of attorney and client that is lacking in the instant case. The district court properly denied Davis' application for attorney fees.

608 F.2d at 718.

The United States District Court for the Northern District of Texas, in *Rheuark v. Shaw*, 477 F.Supp. 897 (N.D.Tex.1979), held that an award of attorney's fees to *pro se* indigent prisoners was not contemplated by Congress in enacting 42 U.S.C. § 1988 (1976). The plaintiff, Rheuark, had been convicted of a criminal offense in a Texas state court and had appealed that conviction. He subsequently brought a civil rights action as a *pro se* litigant based on the delay in processing his appeal. This delay was found to have violated the plaintiff's constitutional due process rights on appeal. Rheuark then requested attorney's fees for prevailing in the civil rights action. The court denied his request based upon Congressional intent as revealed in the above–quoted Senate report. (S.Rep.No. 94–1011, *reprinted in* [1976] *U.S. Code Cong. & Admin. News*, p. 5910). The court concluded:

A pro se prisoner cannot claim that he has foregone any income in his own business to pursue his civil rights claim. The legislative history indicates that Congress intended to compensate attorneys, not pro se litigants. The law created "no

startling new remedy." S.Rep.No.94–1011, U.S. Code Cong. and Admin. News, at 6, page 5913 (1976). An award of pro se attorney's fees to indigent prisoners would be a startling new remedy, one not contemplated by Congress in enacting 42 U.S.C. § 1988.

477 F.Supp. at 928.

Although no court within the Third Circuit has addressed the exact issue now before us, at least one court in this circuit has expressed agreement with the Eighth Circuit and the District Court for the Northern District of Texas as to the purpose of section 1988. The District Court for the Eastern District of Pennsylvania, in *Commonwealth v. O'Neill*, 431 F.Supp. 700 (E.D.Pa. 1977), *aff'd mem.*, 573 F.2d 1301 (3d Cir. 1978), stated "that the very purpose of awarding attorney's fees in civil rights cases is to assure that private enforcement remains available to those citizens who have little or no money with which to hire an attorney." 431 F.Supp. at 708. The language of the court shows that it views section 1988 as a means by which to assure competent counsel to all citizens with civil rights claims. We agree that Congress intended through section 1988 to enable litigants to retain private counsel rather than to reward litigants who choose to represent themselves.

■ The petitioner, Owens–El, is not within the class of plaintiffs that section 1988 was intended to cover. Owens–El chose to represent himself as a *pro se* litigant, even though counsel, through NLS, was present to represent him in his civil rights action, just as NLS was representing the other members of the class. Petitioner chose not to hire private counsel or to be represented by NLS.

The petition for an award of attorney's fees under 42 U.S.C. § 1988 (1976) will be denied.

## II.

### *Hearing on Conditions at the Allegheny County Jail*

■ Plaintiff, Owens–El, also requests a hearing to bring to the Court's attention certain alleged conditions at the Allegheny County Jail. We will deny this request. NLS has been monitoring the situation on behalf of the inmates as a class since the conclusion of the first trial in January, 1978. NLS has made a number of court appearances in behalf of the inmates when we have held hearings and received status reports on the conditions at the jail. We feel the class is quite adequately represented by NLS in this matter.

There is presently pending a petition from NLS requesting this Court to consider a number of conditions at the jail. That petition is scheduled for a hearing on December 1, 1980. We suggest that the petitioner contact NLS if he knows of some condition that is not now on the list of conditions that will be brought before the Court at the December hearing.