Michael Alan CROOKER, Appellant

v.

**U. S. DEPARTMENT OF the TREASURY.**

**No. 80–1412.**

United States Court of Appeals, District of Columbia Circuit.

Submitted Without Argument Sept. 23, 1980.

Decided Oct. 23, 1980.

Michael Alan Crooker was on the brief, pro se.

Charles F. C. Ruff, U. S. Atty., John A. Terry, John R. Fisher, Diane M. Sullivan and Robert C. Seldon, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before ROBB, WALD and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Michael Crooker is incarcerated at the Pembroke Station Federal Penitentiary in Danbury, Connecticut. On September 26, 1978 Crooker submitted a request under the Freedom of Information Act, 5 U.S.C. § 552 (1976) (FOIA), to the Bureau of Alcohol, Tobacco and Firearms of the Treasury Department. Among other items, Crooker requested the release of a manual entitled "Conspiracy", which had been issued by the Bureau.

Although the Bureau received the request in October 1978 it did not respond until January 15, 1979 when it informed Crooker that his request was under review. In March 1979 the Bureau determined that the manual could be disclosed without deletions but for some reason a copy of this ruling was not sent to Crooker. During the latter part of April 1979 Crooker again wrote to the Bureau, specifically identified the manual by publication number and inquired as to the status of his request. The record does not reveal any response to this letter.

In August 1979 Crooker again specifically requested the conspiracy manual by number. The record does not reveal any response to this letter although the Bureau admits receiving it. In September and October 1979 Crooker wrote letters to the Bureau concerning several pending FOIA requests. Although Crooker intended that the September and October letters remind the Bureau of his desire to see the manual the letters did not specifically identify the manual as the subject of the queries. These letters were filed with Bureau records unconnected with the request for the manual.

On January 7, 1980 Crooker filed his complaint in the District Court under the FOIA, specifically requesting the "Conspiracy" manual. The Bureau sent the manual to Crooker on February 12, 1980. Crooker however was not satisfied with the Bureau's delayed response. Acting *pro se*, he filed a motion to dismiss accompanied by a motion to award attorney's fees to himself. He claimed to have expended $0.90 on postage and $85.00 in attorney's fees. Crooker stated that he had expended eight and one half hours on the suit, and alleged that his time is worth $10.00 per hour.

On March 28, 1980 the District Court granted the motion to dismiss and denied the motion for attorney's fees and costs. The court found that Crooker had not substantially prevailed in the suit and that he was therefore not entitled to attorney's fees under the decisions of this court. Crooker has appealed.

The Bureau contends that as a matter of law *pro se* prisoner plaintiffs are not entitled to attorney's fees in FOIA cases. (Br. for Appellee at 12, n.3) This contention must be rejected. As was said by District Judge Bryant in *Holly v. Acree*, 72 F.R.D. 115 (D.D.C.1976), *aff'd sub nom. Holly v. Chasen*, 186 U.S.App.D.C. 329, 569 F.2d 160 (1977), "... [W]hen persons exercise their right to represent themselves before the bar of justice they are in every sense functioning as attorneys: they do research, file pleadings, and advocate their cause." 72 F.R.D. 115, 116. That Crooker is a prisoner does not make him ineligible for consideration of an award of attorney's fees, *Jones v. United States Secret Service*, 81 F.R.D. 700 (D.D.C.1979); *Marschner v. Dept. of State*, 470 F.Supp. 196 (D.Conn. 1979); *see Cox v. Dept. of Justice*, 195 U.S.App.D.C. 189, 601 F.2d 1 (1979); *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978). *But see Burke v. Dept. of Justice*, 432 F.Supp. 251 (D.Kan.1976), *aff'd mem.* 559 F.2d 1182 (10th Cir. 1977).

The Bureau also argues that Crooker has not "substantially prevailed" in this suit as required by the FOIA, 5 U.S.C. § 552(a)(4)(E) (1976). The District Court agreed. We hold that Crooker did substantially prevail as required by the statute.

In order to "substantially prevail" a complainant in an FOIA suit need not necessarily obtain a court order forcing the agency to disclose the documents sought, *Nationwide Building Maintenance v. Sampson*, 182 U.S.App.D.C. 83, 89, 559 F.2d 704, 710 (1977). The government cannot foreclose an award of attorney's fees by releasing the documents during the pendency of the action, *Cuneo v. Rumsfeld*, 180 U.S.App. D.C. 184, 189, 553 F.2d 1360, 1365 (1977). "[B]ut it is equally true that an allegedly prevailing complainant must assert something more than *post hoc, ergo propter hoc* .... If rather than the threat of an adverse court order either a lack of actual notice of a request or an avoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to respond to the re-

quest, then it cannot be said that the complainant substantially prevailed in his suit." *Cox v. Dept. of Justice*, 195 U.S.App.D.C. 189, 194, 601 F.2d 1, 6 (1979) (*per curiam*) (citation omitted).

■ The District Court found that Crooker did not substantially prevail. This finding is a finding of fact, *Cox v. Dept. of Justice, supra*, 195 U.S.App.D.C. at 194, 601 F.2d at 6, and as such can be overturned only if clearly erroneous, Fed.R.Civ.P. 52(a). We must hold that it is clearly erroneous. The suit was the actual cause of the release of the manual. Crooker wrote two letters to the Bureau that specifically identified the document sought after the Bureau had determined that disclosure was proper. No response to these letters appears on the record. The Bureau contends that "one well-written letter" would have produced the manual. (Br. for Appellee at 9) Assuming that a well-written letter is one that identifies the document sought with adequate specificity, the Bureau's argument must fail. There were two well-written letters that went without answer.

Some FOIA suits involve a forthright refusal by the government to release information or documents sought by the complaining party. Here, the refusal was less forthright, and indeed not purposeful, but no less effective in denying release. The government cannot avoid the award of attorney's fees by ignoring or negligently failing to respond to repeated reminders that the bureaucratic machinery has not worked. Crooker's letters should have elicited some response, but there was a lack of diligence on the part of the Bureau.

The District Court also held that Crooker is not entitled to attorney's fees under the decisions of this court which discuss the factors to be weighed in awarding fees to plaintiffs who have substantially prevailed. Because the exercise of discretion as to attorney's fees is better exercised by the court most intimately connected with a case, *Cuneo v. Rumsfeld, supra*, 180 U.S. App.D.C. at 192, 553 F.2d at 1368, we remand this case for consideration of the at-

torney's fee issue in light of this opinion. We express no opinion on that issue.

*Remanded.*