**Sammy Lee PENIMAN, Plaintiff,**

v.

**Captain CARTWRIGHT, et al.,
Defendants.**

**Civ. No. 80–77–A.**

United States District Court,
S.D. Iowa, C.D.

Nov. 18, 1982.

Sammy Lee Peniman, assisted by Tony Williams, pro se.

Thomas J. Miller, Atty. Gen., Thomas Mann, Asst. Atty. Gen., and Gordon E. Allen, Sp. Asst. Atty. Gen., Des Moines, Iowa, for defendants.

## ORDER

STUART, Chief Judge.

The Court has before it a claim for attorney's fees under 42 U.S.C. § 1988 filed October 15, 1982, by Tony Williams, a prisoner at the Iowa State Penitentiary. Williams has no formal legal training but frequently assists other inmates in presenting pro se claims before this Court. One of the inmates Williams has assisted is Sammy Peniman, the plaintiff in the above-captioned civil rights case, who recently prevailed on some of his claims against the defendants and won a judgment of $325. Williams claims that he spent 50 hours on Peniman's case and is entitled to $10 per hour for his services.

### I.

The question of whether the services of a "jailhouse lawyer" are compensable under 42 U.S.C. § 1988 is nearly one of first impression. To the Court's knowledge, there is only one published decision which has addressed that issue: *Grooms v. Snyder,* 474 F.Supp. 380 (N.D.Ind.1979). The court in that case held that the policies underlying § 1988 would not be furthered by an award of attorney's fees to a "jailhouse lawyer". *Id.* at 384. For reasons that will be explained in Part II, this Court agrees with that holding.

Williams relies largely on a series of cases from the District of Columbia which hold that a district court has discretion under the attorney fee provision of the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E), to award attorney's fees to a pro se plaintiff for the time he has expended in prosecuting his suit. *Cox v. United States Department of Justice,* 601 F.2d 1 (D.C.Cir.1979); *Jones v. United States Secret Service,* 81 F.R.D. 700 (D.D.C. 1979); *Holly v. Acree,* 72 F.R.D. 115 (D.D.C. 1976), *aff'd without opinion sub nom. Holly v. Chasen,* 569 F.2d 160 (D.C.Cir.1977). In addition to the fact that these cases are not directly on point, the Court observes that other circuits have taken a position contrary to that of the District of Columbia. *Cunningham v. F.B.I.,* 664 F.2d 383 (3d Cir. 1981); *Crooker v. United States Department of Justice,* 632 F.2d 916, 920–22 (1st Cir.1980); *Burke v. United States Department of Justice,* 559 F.2d 1182 (10th Cir. 1977), *aff'g* 432 F.Supp. 251 (D.Kan.1976); *see also Lovell v. Alderete,* 630 F.2d 428, 431 (5th Cir.1980) (question left open).

Williams' reliance on FOIA cases to support his claim for attorney's fees under a different statute, § 1988, is further undercut by the unanimous body of authority which holds that a pro se litigant cannot be awarded attorney's fees under § 1988 for the time he expends in prosecuting his suit. *Pitts v. Vaughn,* 679 F.2d 311 (3d Cir.1982); *Cofield v. City of Atlanta,* 648 F.2d 986 (5th Cir.1981); *Lovell v. Snow,* 637 F.2d 170 (1st Cir.1981); *Davis v. Parratt,* 608 F.2d 717 (8th Cir.1979); *Owens-El v. Robinson,* 498 F.Supp. 877 (W.D.Pa.1980); *Rheuark v. Shaw,* 477 F.Supp. 897, 928–29 (N.D.Tex. 1979), *aff'd,* 628 F.2d 297, 300 n. 1 (5th Cir.1980), *cert. denied,* 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981). Several of these cases have recognized the existence of the authority cited by Williams which permits such awards under the FOIA, but have found that differences between the FOIA provision and § 1988 rendered the FOIA cases unpersuasive with regard to § 1988. *Cofield, supra,* at 988; *Rheuark,* 477 F.Supp. at 928–29; *see also Grooms, supra,* at 383.

## II.

Section 1988 provides that in any action to enforce a provision of certain civil rights acts, including 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1983. The purpose of this statute is to "enable litigants to obtain competent counsel worthy of the contest with the calibre of counsel available to their opposition." *Grooms, supra,* at 384; *see also Cofield, supra,* at 987. Awarding attorney's fees for the services of a prisoner who has no formal legal training would not be consistent with the above-stated purpose. Williams' lack of legal training is readily apparent from his pleadings and other responses to the Court. Although he is better able to communicate with the Court than some of the inmates, his work falls far short of that submitted by licensed attorneys. He is not the "competent counsel" of which the legislative history of § 1988 speaks. *Cf. Grooms, supra,* at 384.

The legislative history of § 1988 indicates that in enacting the attorney's fee provision, Congress intended to create "no startling new remedy." *Rheuark,* 477 F.Supp. at 928 (quoting S.Rep. No. 94–1011, U.S. Code Cong. and Admin.News, at 6, page 5913 (1976)). An award of attorney's fees for the services of a layman "jailhouse lawyer" would be a startling new remedy and therefore was probably not intended by Congress.

Moreover, permitting attorney's fee awards to "jailhouse lawyers" who could earn more by assisting in the prosecution of civil rights claims than by pursuing other available activities would, in effect, create a "cottage industry" in the state prisons. *Cf. Cunningham, supra,* at 386. It is unlikely that Congress intended such a result.

The Court also observes that the assistance of a "jailhouse lawyer" may not serve the aims of § 1988 to the extent that representation by a licensed attorney does. A "jailhouse lawyer" is unlikely to provide the

objectivity and detachment that a licensed attorney can furnish as a check against frivolous civil rights claims. *Cf. Cunningham, supra,* at 386. The "jailhouse lawyer" is not bound by a code of ethics and may even encourage inmates to pursue patently meritless claims for the sake of aggrandizing his own personal status among the prison population.

Another factor that counsels against extending the meaning of the phrase "attorney's fee" beyond its usual scope is the difficulty of placing a value on the services of a "jailhouse lawyer". This difficulty arises from the fact that there is neither an accepted market value nor a cost to serve as a guideline for valuation of such services. *Cf. Cunningham, supra,* at 386.

█ In addition to the foregoing factors which relate to the Congressional intent underlying § 1988, there are sound public policy reasons for denying an attorney's fee award to a "jailhouse lawyer." Section 1988 presupposes a relation of attorney and client. *Owens-El, supra,* at 879; *Davis, supra,* at 718. Such a relationship is not present here. Much as a "jailhouse lawyer" may wish to be regarded as an attorney, he is not. He is merely one layman who has volunteered to assist another. He does not have the rigorous education required of an attorney, and he is not bound by the ethical rules which govern licensed attorneys. The Court is of the opinion that awarding attorney's fees to a "jailhouse lawyer" would be tantamount to setting up an untrained prisoner in the business of practicing law without a license.

This Court has recently noted instances in which "jailhouse lawyers" have attempted to go beyond their permissible scope of activity and assume the role of an attorney, notably by attempting to file pleadings and motions on behalf of a litigant without the signature of that litigant. In *Bugely v. Farrier,* Civil No. 80–453–A (S.D. Iowa, Order of June 22, 1982), and *Offutt v. Menke,* Civil No. 82–63–C (S.D. Iowa, Order of July 14, 1982), the Court acted to curb such oversteppings and warned that "the Court intends to preserve the subtle, yet funda-mental, distinction between permissible assistance by 'jailhouse lawyers', on the one hand, and impermissible 'jailhouse lawyer' control of other inmates' litigation". *Offutt, supra,* at 3–4. Likewise, the Court intends to preserve the fundamental distinction between the professional assistance of a licensed attorney, which is compensable under § 1988, and the volunteer assistance of an untrained lay advisor, which is not.

The Court therefore holds that the services of a layman "jailhouse lawyer" are not compensable under § 1988. Such an award would be contrary to the purpose and intent of the statute and would also contravene public policy by blurring important distinctions between the licensed practice of law and the untrained assistance of a "jailhouse lawyer".

IT IS THEREFORE ORDERED that Tony Williams' motion for attorney's fees be and it hereby is denied.