Curt M. READ, Plaintiff,

v.

**FEDERAL AVIATION
ADMINISTRATION,
et al., Defendants.**

No. C01–1291L.

United States District Court,
W.D. Washington
at Seattle.

March 27, 2003.

Katrina Eve Glogowski, Olsen Law Firm PLLC, Kent, for Curt M Read, plaintiff.

Robert Patrick Brouillard, U S Attorney's Office, Seattle, for Federal Aviation Administration United States Department of, Valerie G Collins, Foia Coordinator for United States Department of Federal Aviation Administration, defendants.

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

LASNIK, District Judge.

### I. INTRODUCTION

This matter comes before the Court on a motion for attorney's fees and costs (Dkt

#35) filed by plaintiff Curt M. Read ("Read"). The Court grants the motion for the reasons set forth in this Order.

## II. DISCUSSION

### A. Background.

This litigation arose after the defendant Federal Aviation Administration ("the FAA") failed timely to respond to several of Read's Freedom of Information Act ("FOIA") inquiries. Detailed facts regarding Read's requests and the FAA's responses are set forth elsewhere. *See, e.g.,* Motion at 2–5; Response at 1–3. The most important facts are briefly recounted in this Order.

Read submitted to the FAA his first FOIA request on September 3, 1999, his second FOIA request on September 20, 1999, and his third FOIA request on February 28, 2000. Read paid advance copy charges of $3,036.00 on January 13, 2000. (Read Decl. Ex. N). Read paid an additional $1,237.00 in advance copy charges on May 22, 2000. (Read Decl. Ex. R). Although the FAA partially responded to Read's requests, by the summer of 2001 the FAA had not completely responded to Read's FOIA inquiries, despite Read's prepayment of $4,273.00 in processing fees. On August 20, 2001, Read filed a "Complaint for Expedition of Action" pursuant to 5 U.S.C. § 552. The FAA provided additional responses to Read's requests in November of 2001.

On December 6, 2001, this Court issued an order (the "Order Compelling Response") (Dkt.# 12) denying Read's motion to compel the FAA to prepare a *Vaughn* index and compelling the FAA to respond to Read's FOIA inquiries by January 31, 2002. On March 14, 2002, Read filed a motion for order of contempt (Dkt.# 16) in which he argued that the FAA failed to respond adequately to his FOIA requests and therefore was in contempt of the Order Compelling Response. The Court denied Read's motion for contempt, but ordered the FAA to provide "clear, detailed explanations for why any documents regarding Read ... were not provided or why they were redacted." (Order Denying Motion for Contempt (Dkt.# 26) at 3).

On June 19, 2002, this Court approved a stipulated order in which the parties agreed that, with the exception of two disputed documents, the FAA had "fully and properly responded" to Read's FOIA requests. *See* Stipulation and Order Regarding In Camera Review of Documents (Dkt.# 29) at 1. Pursuant to that Order the Court conducted an in camera review of the unredacted disputed documents. Finding that the FAA had properly redacted portions of the two documents, the Court dismissed the complaint with prejudice. (Order Dismissing Complaint with Prejudice (Dkt.# 34) at 2).

Read filed this motion on October 2, 2002.

### B. FOIA Attorney's Fees.

FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case ... in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Determination of whether an award of attorney's fees is appropriate is a two-step process: (1) Is the plaintiff eligible for an award of attorney's fees and costs? (2) If the plaintiff is eligible for attorney's fees and costs, is the plaintiff entitled to such fees and costs? *Church of Scientology of Cal. v. United States Postal Serv.,* 700 F.2d 486, 492 (9th Cir.1983); *Tax Analysts v. United States Dep't of Justice,* 965 F.2d 1092, 1093 (D.C.Cir.1992).

#### 1. Eligibility for Attorney's Fees.

■ Read argues that he substantially prevailed in this litigation because "it is

abundantly clear that litigation was necessary" to cause the FAA to produce the records, because the delay in the records production was unusual, and because most of the records were produced pursuant to the Order Compelling Response. (Motion at 11). Relying upon *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the FAA argues that Read is not the prevailing party because he relies upon the "catalyst" theory explicitly rejected by the *Buckhannon* Court.

The FAA mis-applies *Buckhannon.* There the Court held that a plaintiff could not recover attorney's fees as the prevailing party when the defendant voluntarily changed its conduct after the initiation of a lawsuit. The defendant's "voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605, 121 S.Ct. 1835.

Although the FAA may have responded voluntarily to Read's FOIA requests by January 31, 2002, even if production had not been ordered, the Court finds that unlikely given the FAA's failure to respond fully to Read's requests in the prior two years. Unlike in *Buckhannon*, here the Order Compelling Response constituted a " 'judicial imprimatur' that alter[ed] the legal relationship of the parties." *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir.2002) (quoting *Buckhannon*, 532 U.S. at 605, 121 S.Ct. 1835). Read initiated this lawsuit to compel the FAA to respond to his FOIA requests. The Order Compelling Response accomplished that goal. The Court therefore finds that Read substantially prevailed in this action and is eligible for an award of attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E).

### 2. Entitlement to Attorney's Fees.

If a court finds that a plaintiff in a FOIA action is eligible for attorney's fees and costs, the court must then determine whether the plaintiff is entitled to such fees and costs. *Church of Scientology*, 700 F.2d at 492. When determining whether a substantially prevailing FOIA plaintiff is entitled to attorney's fees courts consider: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding." *Tax Analysts*, 965 F.2d at 1093.

### a. Public Benefit.

■ Read argues that the public benefit factor favors an award of attorney's fees because the litigation "furthers public policy by signaling to the government agencies that a two-year delay in responding to FOIA requests is not acceptable" and "in making the defendants accountable for their actions and providing for a system of checks and balances on the government." (Motion at 12–13).

"The successful FOIA plaintiff always achieves some degree of public benefit by bringing the government into compliance with FOIA and by the benefit assumed to flow from public disclosure of government information." *Ellis v. United States*, 941 F.Supp. 1068, 1078 (D.Utah 1996). However, this "broadly defined public benefit" is not the benefit to which this factor is addressed. *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C.Cir.1995). Instead, the public benefit factor weighs in favor of an award of attorney's fees if "the disclosure will assist the citizenry generally in making an informed judgment as to governmental operations." *Aviation Data Serv. v. Federal Aviation Admin.*, 687 F.2d 1319, 1323 (10th Cir.1982).

Relying upon *Exner v. Federal Bureau of Investigation*, 443 F.Supp. 1349

(S.D.Cal.1978), Read argues that the public benefit factor may favor an award of attorney's fees even when the litigation does nothing to produce information that is useful to citizens generally. (Motion at 12–13; Reply at 5). In *Exner* the plaintiff discovered that the FBI maintained extensive files regarding her association with organized crime figures. Exner believed that some inaccurate information, which linked her to two murdered organized crime bosses, had been "leaked" and that this "exposed her to grave personal danger." *Exner*, 443 F.Supp. at 1353. Although not explicitly addressing the public benefit factor of the attorney's fees entitlement inquiry, the *Exner* Court acknowledged that the plaintiff's litigation had benefitted the public:

> Plaintiff convinced this court and the Ninth Circuit Court of Appeals that she was entitled to have her request for information "moved up the line". In so doing, she established the principle that there are some exceptional cases where the government must specially process requests for information on a priority basis. In effect, plaintiff acted as a private attorney general in vindicating an important public policy. This is precisely the type of situation Congress indicated would be proper for an award of attorney fees.

*Id.* at 1353.

Read has not acted as a "private attorney general" or compelled the production of information that would support a finding that this litigation provided a public benefit. The public benefit factor therefore weighs against a finding that Read is entitled to an award of attorney's fees.

**b. Commercial Benefit and Nature of Read's Interest in Records.**

The second and third factors in the attorney's fees entitlement inquiry are often considered together. *Church of Scientology*, 700 F.2d at 494. Read asserts that he has "absolutely no commercial interest in the requested records," but admits that his "motivation is personal in nature." (Motion at 13). Although Read's interest in the records was not commercial, the Court finds that his personal interest in the records was sufficient to motivate him to pursue this FOIA litigation, and therefore, although the "commercial benefit" factor favors granting attorney's fees, that factor is outweighed by the nature of his interest in the records. *See Tax Analysts*, 965 F.2d at 1095 (Because "FOIA was fundamentally designed to inform the public and not to benefit private litigants, ... when a litigant seeks disclosure for a commercial benefit or out of other personal motives, an award of attorney's fees is generally inappropriate.")

**c. Reasonableness of the FAA's Withholding.**

The final factor considered in the attorney's fees entitlement inquiry is whether the agency had a reasonable basis in law for withholding the records. This factor "is intended to weed out those cases in which the government was 'recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" *Id.* at 1097 (quoting *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C.Cir.1977)).

The FAA argues that because the Court's only ruling on the merits found that the FAA properly had redacted portions of two documents, the FAA's "position on the merits was correct" and therefore this factor weighs against an award of attorney's fees. (Response at 9). Additionally, the FAA argues that the "regrettable delay" in responding to Read's FOIA requests "was due to factors such as confusion over the scope of the request, uncertainty in the responsible offices concerning

the applicability of FOIA exemptions, and bureaucratic difficulty in handling a FOIA response of this size and complexity," not "obdurate behavior or bad faith." *Id.*

The FAA's position regarding the redacted documents is correct. Its position with respect to those documents was reasonable. Additionally, the Court recognizes that delay due to bureaucratic ineptitude alone is not sufficient to weigh in favor of an award of attorney's fees. *See, e.g., Ellis*, 941 F.Supp. at 1080 ("Since plaintiffs' challenge is to the government's delay in releasing the records rather than its substantive claims of exemption, the reasonableness factor does not favor a fee award so long as the government did not engage in obdurate behavior or bad faith."). However, the record before the Court indicates that the "regrettable delay" is not attributable to mere bureaucratic ineptitude. The FAA assessed Read over four thousand dollars in advance copy costs. However, despite being able to calculate that the copy costs attributable to Read's request would exceed $4,000, the FAA failed to respond fully to his requests for two years after Read made the initial $3,036 payment and twenty months after Read made the subsequent $1,237 payment. This and other evidence before the Court indicates that the FAA's failure to respond to Read's request demonstrates recalcitrance and obduracy. Therefore the "reasonable basis in law" factor weighs in favor of an award of attorney's fees.

#### d. Conclusion Regarding Entitlement to Attorney's Fees.

The first and third factors of the entitlement to attorney's fees inquiry weigh against a fee award, and the "commercial interest" factor, which weighs in favor of such an award, is nullified by the "nature of the plaintiff's interest" factor. However, the "reasonable basis for withholding" factor weighs in favor of an attorney's fees award.

In extreme circumstances, the government's obduracy and recalcitrance regarding a FOIA request permits a court to ignore factors that weigh against an award of attorney's fees. *See, e.g., Wheeler v. Internal Revenue Serv.*, 37 F.Supp.2d 407, 414 (W.D.Pa.1998) (Recalcitrant and obdurate behavior "can make the last factor dispositive without consideration of any of the other factors.... [I]t is this type of behavior that can allow a court to overlook a complete lack of public benefit."); *Horsehead Indus., Inc. v. United States Envtl. Prot. Agency*, 999 F.Supp. 59, 68 (D.D.C. 1998) (noting that sufficiently "mulish" behavior may "require slapping on [the government] the costs of [the plaintiff's] attorneys' fees without consideration of the other factors"). This is not such a case. However, the Court does find that the "reasonable basis in law" factor marginally outweighs the other factors. Therefore Read is entitled to attorney's fees.

#### 3. Calculation of Reasonable Attorney's Fees.

■ A FOIA litigant entitled to attorney's fees and costs may only recover fees and costs incurred in litigation. *Playboy Enters., Inc. v. United States Customs Serv.*, 959 F.Supp. 11, 18 (D.D.C.1997). Additionally, such fees and costs must be reasonable and should not be awarded for excessive, redundant, or otherwise unnecessary work or for fees incurred on claims upon which the plaintiff does not prevail. *Hensley v. Eckerhart*, 461 U.S. 424, 434–40, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1982). Read contends that he is entitled to attorney's fees of $18,912.50 and costs of $3,013.99. (Glogowski Decl. Exs. A–B).

The FAA argues that Read is not entitled to fees and costs incurred regarding the motion to compel a *Vaughn* index, regarding the motion for contempt, and regarding the motion for attorney's fees.

The Court agrees that Read would not be entitled to fees and costs incurred regarding the *Vaughn* index motion and regarding the motion for contempt if Read wholly failed on those motions. However, although the Court denied Read's request to compel creation of a *Vaughn* index, based upon that motion the Court ordered the FAA to respond to Read's FOIA requests by January 31, 2002. Similarly, the Court denied Read's motion for contempt, but did order the FAA to provide "clear, detailed explanations for why any documents regarding Read ... were not provided or why they were redacted." (Order Denying Motion for Contempt at 3). Because Read both prevailed in part and failed in part on those motions, the Court will reduce attorney's fees incurred in those motions by 75%, which amounts to a reduction of the fees sought by Read of $2,349.38.[1] Additionally, $521.96 in costs are not documented and therefore will not be awarded. *See* Glogowski Decl. Ex. B.

With respect to the FAA's argument regarding the attorney's fees motion, fees and costs incurred on a successful motion for attorney's fees are recoverable. *Achaval–Bianco v. Gustafson*, 736 F.Supp. 214, 217 (C.D.Cal.1989).

■ Having reduced the attorney's fees as described above, the Court finds that Read reasonably incurred $16,563.12 in attorney's fees and $2,492.03 in costs. Although this is the usual method by which a court exercises its discretion to determine reasonable attorney's fees and costs that should be awarded, a court may also adjust the fee and cost award by considering the entitlement factors. *See Playboy Enterprises*, 959 F.Supp. at 18 (reducing the award of reasonable attorney's fees and

costs because plaintiff had "mixed public and private reasons for pursuing this action"). Because this Court finds that the factor favoring an award of attorney's fees only marginally outweighs those factors that disfavor such an award, and because the Court finds that the FAA's recalcitrance and obduracy are not of a degree that would allow the Court to disregard the other entitlement factors, the Court finds that an additional 50% reduction in attorney's fees and costs is appropriate Therefore Read will be awarded $8,281 56 in attorney's fees and $1,246.01 in costs. *See* Appendix (providing calculation of fees and costs).

## III. CONCLUSION

For the foregoing reasons, Read's motion for attorney's fees and costs (Dkt.# 35) is GRANTED. The FAA is ordered to pay Read $8,281 56 in attorney's fees and $1,246.01 in costs by May 1, 2003. The Clerk of the Court is directed to send copies of this Order to all counsel of record.

## APPENDIX
### CALCULATION OF FEES AND COSTS

**Attorney's Fees**

| | |
|---|---|
| Read's Request | $18,912.50 |
| Reduction for Partially Successful Motions (75% of the $3,132.50 attributable to such motions) | ($ 2,349.38) |
| Subtotal | $16,563.12 |
| Additional 50% Reduction (50% of $16,563.12) | ($ 8,281.56) |

1. The Court notes that a reduction in awardable costs would be appropriate to the extent costs were incurred for those motions. However, due to the difficulty of determining what costs are attributable to those motions, the Court will not disturb the costs figure, but rather raises the attorney's fees reduction factor to 75%, which is a slightly greater reduction than the Court would otherwise impose.

| | |
|---|---|
| Attorney's Fees Awarded | $ 8,281.56 |

Costs

| | |
|---|---|
| Read's Request | $ 3,013.99 |
| Reduction for Undocumented Costs | ($ 521.96) |
| Subtotal | $ 2,492.03 |
| Additional 50% Reduction (50% of $2,492.03) | ($ 1,246.02) |
| Costs Awarded | $ 1,246.01 |