**Alan J. WHITE, Appellant,**

v.

**ARLEN REALTY & DEVELOPMENT CORP., Appellee.**

No. 77–1784.

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 10, 1979.

Decided Jan. 29, 1980.

Alan J. White, appellant pro se, on brief.

Joel M. Wolosky, Martin G. Bunin, Parker, Chapin, Flattau & Klimpl, New York City, Franklin Goldstein, Melnicove, Greenberg, Kaufman & Weiner, P. A., Baltimore, Md., counsel on brief for appellee.

Before HAYNSWORTH, Chief Judge, and HALL and PHILLIPS, Circuit Judges.

PER CURIAM:

In *White v. Arlen Realty and Development Corp.*, 540 F.2d 645 (4th Cir. 1975), we instructed the district court to enter judgment for appellant on twelve counts of his complaint under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* [the "Act"]. We also directed the award of costs to White and a reasonable fee for appellate counsel, but left the specific amounts for the district court to determine. 540 F.2d at 651. Because the parties did not raise the issue, we also left open the question whether appellant, an attorney, was entitled to a fee for his self-representation at trial. We noted only that a ruling on this issue depended upon an analysis of Congressional purpose. 540 F.2d at 651 n.20.

On remand, appellate counsel stipulated a fee of $4,000 for his services. White himself sought a fee of approximately $8,000 in addition to taxable costs and out-of-pocket expenses. After a hearing, the district court accepted the stipulation of appellate counsel and awarded White a $750 fee plus costs as taxed by the clerk.

White now appeals this order setting his fee for self-representation and the court's later orders refusing to amend its judgment and denying reconsideration. He claims (1) that the district court's award was arbitrary and unreasonable; (2) that it based its award upon erroneous, off-the-record infor-

mation; (3) that it should have allowed the recovery of travel and out-of-pocket expenses and (4) that the court denied his motion to alter or amend the judgment without allowing him to supplement his affidavit after receipt of the hearing transcript. Appellant asks us to correct the record and to modify the award. Additionally, he contends that he is entitled to a reasonable fee and his expenses in connection with this appeal.

Appellee contests White's entitlement to a fee under 15 U.S.C. § 1640(a)(3).[1] Also, it argues that the award was reasonable and that the district court properly disallowed reimbursement for travel and other out-of-pocket expenses. Because we think the district court erred in awarding any attorney fee to White for his *pro se* representation, we reverse the judgment of the court below.

Judicial precedent on this issue is sparse and, to a great degree, inapposite. *Compare Hannon v. Security National Bank*, 537 F.2d 327 (9th Cir. 1976) (law school graduate, who is not licensed to practice law and proceeds as plaintiff *pro se*, is not entitled to an attorney fee under the Act) *with Sellers v. Wollman*, 510 F.2d 119 (5th Cir. 1975) (plaintiffs entitled to a reasonable attorney fee notwithstanding fact that no fee was owed to their lawyer, who worked for a legal aid society). *Cuneo v. Rumsfield*, 180 U.S.App.D.C. 184, 191–92, 553 F.2d 1360, 1367–68 (D.C.Cir.1977) (attorney who is represented by his law partners in a Freedom of Information Act suit is not automatically barred from attorney fee award under 5 U.S.C. § 552(a)(4)(E) (1974) because he incurred no liability to pay such a fee) and *Jones v. United States Secret Service*, 81 F.R.D. 700, 701 (D.D.C.1979) (a federal prisoner acting *pro se* in a FOIA suit is not barred from attorney fee award under 5 U.S.C. § 552(a)(4)(E)).

Similarly, the legislative history of the Act, and particularly 15 U.S.C. § 1640(a)(3), provides little guidance. It is evident that the provision for attorney fees was intended to create an incentive for attorneys to accept and handle Truth-in-Lending cases—which, even if meritorious, generally result in an award of small statutory penalties. However, we do not think this rationale can be stretched so far as to fund an attorney's desire to be a "private attorney general" on his own behalf. Such a result would raise the specter of fee generation.

It is axiomatic that effective legal representation is dependent not only on legal expertise, but also on detached and objective perspective. The lawyer who represents himself necessarily falls short of the latter. We do not think self-representation serves the goals of the Truth-in-Lending Act, and thus we hold that the provisions of § 1640(a)(3) will not be interpreted to allow attorney fees and expenses to plaintiffs who are attorneys and represent themselves. *See Hannon v. Security National Bank*, 537 F.2d at 328.

The facts in the instant case provide ample support for our view. White, after a protracted legal battle in which his trial inexperience occasioned several admonishments from the district court, lost his case before that court.[2] When he hired outside counsel to press the issues on appeal, counsel mustered effective arguments and won a reversal of the judgment. This court is not attempting to second-guess what might have happened had White retained counsel at the outset. We do note, however, that the record indicates inexperience, personal embroilment and lack of objectivity on his part throughout the course of the litigation. He was and is entitled to assert his rights as a consumer under the Act; however, we do not think defendant creditors were intended to subsidize the personal crusades of consumers who are attorneys.

---

1. Initially appellee moved for summary affirmance of the district court award, but in supplemental briefing, has requested reversal of the $750 judgment.

2. White filed four different Truth-in-Lending actions in May, 1972, and admits that ". . . I had over-extended myself with respect to my capacity to manage them simultaneously." (Affidavit of Alan White at 2)

The goals of the Act are not fostered by self-representation or fee generation, but rather by independent professional advocacy. Therefore, we adopt a simple rule for Truth-in-Lending actions: plaintiffs who are not represented by attorneys may not be awarded attorney fees.[3]

Finding no merit in plaintiff's other assignments of error, the judgment of the district court awarding White an attorney fee for his self-representation at trial is reversed,[4] and his request for fees and costs on appeal is denied.

*REVERSED.*

---

3. Although our holding reaches Truth-in-Lending Act cases generally, we do not decide the issue of whether attorneys who represent a class of aggrieved consumers under the Act should be barred from fee awards merely because they are themselves members of the class represented.

4. The award to White of trial costs taxed by the district clerk is allowed.