**In re Paul S. HUDSON, Debtor.**

No. 00–11683.

United States Bankruptcy Court, N.D. New York.

Nov. 30, 2004.

Paul S. Hudson, Crofton, MD, Pro se.

Bartholomew Cirenza, U.S. Department of Justice, Tax Division, Washington, D.C., for United States.

**MEMORANDUM-DECISION AND ORDER**

ROBERT E. LITTLEFIELD, JR., Bankruptcy Judge.

The United States of America, on behalf of its agency the Internal Revenue Service ("IRS"), moves for partial reconsideration of the court's September 7, 2004 Decision and Order ("Decision"), holding that the IRS is not entitled to claimed interest on compromised trust fund recovery penalties. *See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60.

1. The Claim was comprised of principal and interest in the respective amounts of $27,916.49 and $22,110.12.

2. The Debtor was not a party to the District Court case, and his involvement therein was limited to his designation as the personal representative of the estate of his deceased spouse, Eleanor R. Hudson. In that case, the Plaintiff sought judicial review of an IRS Notice of Determination regarding trust fund penalties allegedly owed by the Debtor and Ms. Hudson. Specifically, the Plaintiff sought: (1) a declaration that Eleanor R.

**JURISDICTION**

The court derives jurisdiction over this core proceeding by virtue of 11 U.S.C. §§ 157(a), (b)(2)(B), and 1334(b).

**FACTUAL BACKGROUND**

On December 11, 2002, the IRS timely filed claim number 18 (the "Claim"), amending its earlier filed claim, in the above-referenced bankruptcy case. By virtue of the Decision, the Claim was reduced from $50,026.61 to $27,916.49.[1] The court concluded, *inter alia*, that disallowance of interest, which comprised nearly fifty-six percent of the Claim, was the inevitable by-product of a valid Stipulation and Settlement Agreement ("Agreement") entered into by the IRS and Paul S. Hudson ("Debtor"), among others, within the context of a former Chapter 7 case, *Kent and Haroldson Associates, Inc.*, Case No. 95–10607 (Dkt. No. 291). The pertinent language of the Agreement reads, "The total Trust Fund portion of said tax will be $30,838.49. The *total* liability of Eleanor and Paul Hudson shall be the trust fund portion." (Agreement ¶ B) (emphasis added.) The Agreement was executed on June 3, 2000. The IRS has never disputed that the Agreement is binding for claim determination purposes in the Debtor's individual bankruptcy case.

In *Hudson v. Internal Revenue Service*, No. 03–CV–172, 2004 WL 1006266 (N.D.N.Y. March 25, 2004),[2] a recent Dis-

Hudson paid in full assessed trust fund recovery tax penalties; (2) a discharge and release of all Notices of Federal Tax Liens filed by the IRS; (3) an order that the IRS refund Eleanor Hudson $6,000 in overpaid income tax for years 1997 through 2001; (4) an order for a full accounting of assessments and payments relative to the disputed trust fund recovery tax penalty; (5) an order that the IRS suspend all collection activity against Eleanor Hudson; and (6) a judgment for costs and expenses. (IRS's Mot. for Partial Recons. at 3.) Because trust fund recovery tax penalties are assessed against each individual deemed

**22**

trict Court decision on the identical issue presented here, Judge Thomas J. McAvoy held that the term "total liability," as used in the Agreement, "must be deemed to include the trust fund penalties *and accrued interest.*" *Hudson,* 2004 WL 1006266, *7. Thus, the Agreement abated statutory interest. *Id.* at *7–*8. This court has adopted that position.

### ARGUMENTS

On its motion for reconsideration, the IRS asks the court to reverse its earlier holding collaterally estopping the IRS from relitigating the issue of interest altogether in the bankruptcy forum, or, in the alternative, to limit its earlier holding to interest accrued on or before January 3, 2000, the date at which the District Court determined corporate liability was fixed. (IRS's Mot. for Partial Recons. at 1, 4.) The IRS contends that the District Court's Decision and Order is not final, and that it, therefore, cannot serve as a basis for offensive collateral estoppel. (*Id.* at 5.) Moreover, the IRS contends that the doctrine of collateral estoppel is inoperative here because the necessary requirement of mutuality of parties is lacking. The IRS, therefore, urges the court to reach its own decision on the merits.

The Debtor agrees that post-settlement interest is warranted on any unpaid settlement amount in the event that his discharge is ultimately denied.[3] If, however, discharge is granted, the Debtor contends

that the IRS is prohibited from assessing interest on or after the bankruptcy filing date of November 12, 1999. With respect to the merits of the Debtor's original motion objecting to the Claim, the Debtor submits an informal accounting from the IRS showing a total due of $821.49, excluding interest, and requests that the court grant the Debtor's motion to disallow the Claim in its entirety.

### DISCUSSION

■ The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d. Cir.1995). "Generally, motions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " *In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir.2003) (citing *Shrader,* 70 F.3d at 257).

■ While the IRS is correct that the doctrine of collateral estoppel is inoperative under the circumstances of the case, requiring the court to amend its earlier decision to reflect the same, there is nothing to prohibit the court from adopting the well-reasoned holding of the District Court with respect to the applicable question of law as to whether the Agreement abates statutory interest. The IRS has failed to persuade the court, either on its original motion papers or on this motion, that the

---

to be responsible for withholding and paying over to the IRS the income and FICA taxes accruing on compensation paid to employees of a company, 26 U.S.C. § 6672; *Spivak v. United States,* 254 F.Supp. 517, 524 (S.D.N.Y. 1966), *aff'd,* 370 F.2d 612 (2d Cir.1967), the Debtor remains liable for any unpaid portion of the settlement amount.

**3.** The court, by decision and order dated August 21, 2001, denied the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4). *See* Adv. Pro. No. 00–90091, Dkt. No. 61. The Debtor

filed an appeal, and on October 10, 2002, District Court Judge Thomas J. McAvoy issued a final order affirming this court's decision. (Dkt. No. 77.) The Debtor then moved the District Court for reconsideration of it's order based in part on an alleged settlement with the Chapter 7 Trustee, and the District Court remanded the matter for a determination of whether the settlement affects the prior decision denying discharge. The Debtor's remand motion, however, is not yet ripe for decision.

District Court's holding is either incorrect or irrelevant to the issue addressed here. *See In re Brown,* 244 B.R. 62, 64 (Bankr. D.N.J.2000) ("That district court rulings are entitled to substantial deference by bankruptcy courts is well established."); *F.C.C. Nat'l Bank v. Reid (In re Reid),* 237 B.R. 577, 588 (Bankr.W.D.N.Y.1999) ("[A] decision of just one U.S. District Court Judge binds all U.S. Bankruptcy Judges of that District until a different District Judge or a higher court reaches a different conclusion."); *but see Barnett v. Jamesway Corp. (In re Jamesway),* 235 B.R. 329, 336, n. 1 (Bankr.S.D.N.Y.1999); *In re Raphael,* 230 B.R. 657, 664 (Bankr. D.N.J.1999), *rev'd on other grounds,* 238 B.R. 69 (D.N.J.1999) (finding in a multi-judge district, district court rulings are not binding upon bankruptcy courts because there is no such thing as "the law of the district").

While the IRS is dissatisfied with its current position, it cannot retroactively alter the terms of the Agreement to achieve a higher distribution in this proceeding. The net result is that the IRS gets no more or less than that which it bargained for.

The procedural stance of the case does, however, leave open the possibility that interest may accrue on the settlement amount until that amount is paid in full. As the case now stands, the Debtor has been denied a discharge and the IRS is, therefore, entitled to interest from the date of settlement forward. But until the remand issue is determined and no longer subject to appeal, the court cannot resolve questions of fact regarding the precise amount of interest due, if any. The court can, however, determine whether the Debtor partially or fully satisfied the Agreement; if the Debtor fully satisfied the Agreement, then the court can also limit the period during which interest could have accrued.

## CONCLUSION

Accordingly, all that presently remains before the court is whether, and to what extent, the Debtor, Ms. Hudson, or Ms. Hudson's estate, paid the IRS monies in partial or full satisfaction of the settlement amount.

## ORDER

Based on the foregoing, it is hereby

ORDERED, that the IRS's motion for partial reconsideration is granted in part, and the court hereby amends and withdraws such part of the Decision holding that the IRS is collaterally estopped from relitigating the issue of interest; and it is further

ORDERED, that the IRS's motion for reconsideration is denied in all other respects.

It is SO ORDERED.