**In re Paul S. HUDSON, Debtor.**

**No. 00–11683.**

United States Bankruptcy Court, N.D. New York.

May 16, 2006.

Paul S. Hudson, Crofton, MD, Debtor Pro Se.

Bartholomew Cirenza, United States Department of Justice, Tax Division, Washington, DC.

## MEMORANDUM–DECISION AND ORDER

ROBERT E. LITTLEFIELD, JR., Bankruptcy Judge.

Currently before the court are competing motions for summary judgment regarding the objection of Debtor Paul S. Hudson ("Debtor") to the claim of the Internal Revenue Service ("IRS"). The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a)(b)(1), (b)(2)(B) and 1334.

### FACTS

The facts surrounding the motions may be gleaned from the parties "Joint Stipulation of Facts in Support of Cross–Motions for Summary Judgment" ("Joint Stip") and from two prior decisions: *In re Hudson,* 321 B.R. 20 (Bankr.N.D.N.Y.2004), reh'g denied, No. 00–11683, slip op. (Bankr. N.D.N.Y. Dec. 7, 2004), and *In re Hudson,* 03–CV–172, slip op., 2004 WL 1006266 (N.D.N.Y. Mar. 25, 2004).

In his underlying motion objecting to the claim of the IRS, the Debtor objected specifically to the trust fund recovery penalty ("TFRP"). Following the parties' original submissions, the court held that interest on the TFRP must be partially disallowed due to a settlement agreement between the parties dated January 3, 2000, which provided in part "[t]he total trust fund portion of said tax will be $30,838.49. The total liability of Eleanor and Paul Hudson shall be the trust fund portion." *In re Hudson*, 321 B.R. at 21 (Bankr. N.D.N.Y.2004). The issue remaining and addressed in the parties' summary judgment motions is whether and to what extent certain payments and refunds can be utilized to offset the stipulated tax settlement. The Debtor claims the debt has been overpaid;[1] the IRS disagrees.

## ARGUMENTS

The Debtor's Motion for Summary Judgment requests three forms of relief: (1) disallowance of the IRS's claim in its entirety, or alternatively, reducing the claim to $5,103.83 plus statutory interest on $821.16 from July 8, 2005 until paid, or such other amount as the court deems just and proper under the circumstances; (2) an award of the Debtor's litigation expenses; and (3) denial of the IRS's Cross-Motion for Summary Judgment. The Debtor offers two theories in his quest for relief from the TFRP. The Debtor argues that he overpaid the government a total of $3,387 for tax years 1994, 1996, and 1997, thus entitling him to either a refund or offset of that amount. He further argues, and the IRS does not dispute, that the three year rule contained in 26 U.S.C. § 6511(a)[2] was complied with in that the returns in question were filed between July 24, 2000 and November 4, 2002, followed by a timely demand for a refund. If the refund is not permissible, the Debtor seeks to offset the excess funds being held by the IRS against the TFRP. He states that there is no statute of limitations for an offset which should be allowed in the instant case to prevent unjust enrichment. He further states that an additional credit of $1,999 from his late wife Eleanor's 2001 return should also be credited to the TFRP in question. He provides his own affidavit and that of the CPA that prepared and filed his wife's return to discredit the IRS's allegations that it has no record of receiving his wife's return. Finally, he argues that pursuant to 28 U.S.C. § 2412 and/or 26 U.S.C. § 7430 he is entitled to reasonable attorney fees and costs.

The IRS argues that 26 U.S.C. § 6511(b)(2)(A) specifically blocks the Debtor from receiving any refund or credit and that this time bar would prevent any offset from being applied. It further

---

1. The Debtor believes that if all credits are applied to the TFRP, he is due a refund of $1,937.86. (Debtor's Mot. for Summ. J. Ex. F.)

2. 26 U.S.C. § 6511 is entitled "Limitations on credit or refund" and states in relevant part:

   **(a) Period of limitation on filing claim.** Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later....

**(b) Limitation on allowance of credits and refunds.**

....

**(2) Limit on amount of credit or refund.** (A) Limit where claim filed within 3-year period. If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

states that this court lacks jurisdiction to consider the tax liability of non-debtor Eleanor Hudson. Additionally, the IRS posits that the Debtor has not met the statutory requirements for any award of attorney fees and costs.

On the affirmative pursuit of its own summary judgment motion, the IRS paints two issues: (1) what setoffs are available to the Debtor to apply against the TFRP; and (2) from what date does interest accrue on the TFRP. It argues that the Debtor only has $30,017 in available offsets and that the interest on the TFRP should run from the date of assessment on March 29, 1993 and not from January 3, 2000, despite this court's and the District Court's decisions.[3]

## DISCUSSION

The parties agree that "the amount due and owing to the United States by the Debtor's Chapter 7 bankruptcy estate would be $821.16 in assessed TFRP,[4] plus $4,282.67[5] in post-settlement interest[6] computed from January 3, 2000 through July 8, 2005, with interest continuing to accrue on the unpaid assessed balance until fully satisfied pursuant to 26 U.S.C. §§ 6601, 6621." (Joint Stip. ¶ 3.) Thus, the first two issues to be addressed are framed under the Joint Stip.: does interest accrue from the date of assessment or the date of settlement; and is the Debtor entitled to

$5,386 in additional credits toward the satisfaction of the TFRP.

## I. INTEREST ACCRUAL DATE

■ For all the reasons stated by this court and the District Court, this court reaffirms its earlier decision that the amount agreed to in the settlement agreement dated January 3, 2000, namely $30,838.49, constitutes the total liability of the Debtor, including interest, as of that date. Thus, interest would only accrue from that date forward until paid. The IRS is correct in its assertion that any amount of the TFRP remaining unpaid is nondischargeable whether or not the Debtor receives a discharge. (IRS Mem. in Supp. of Mot. 5.); *See* 11 U.S.C. § 523(a)(1)(A) cross-referencing § 507(a)(8). However, the dischargeability of the TFRP is not at issue; the crucial question is whether there is any TFRP left to pay.

## II. PROPER CREDIT TO APPLY

Both sides agree that $30,017 should be applied to the TFRP. The Debtor, however, believes he is entitled to $5,386 in additional credits based on his 1994, 1996, and 1997 tax returns ($3,387) and his late wife's 2001 tax return ($1,999). Alternatively, the Debtor endeavors to invoke the equitable remedy of setoff, arguing under either theory, he has satisfied the TFRP.

---

3. In other words, the IRS is asking this court to revisit and reconsider its decisions of September 7, 2004 and November 30, 2004.

4. The settlement agreement's total trust liability of $30,838.49 minus the Joint Stip's agreed credits of $30,017 equals the remaining balance of $821.16.

5. It is unclear how the $4,282.67 in post-settlement interest was calculated by the parties. The court assumes that the parties took the pre-settlement credits of $5,175 and applied that to the total trust fund liability of

$30,838.49. That left $25,663.49 in trust fund tax due on the settlement date of January 3, 2000. As other credits became available post-settlement, they were presumably applied and the appropriate interest calculated and accrued.

6. The IRS disagrees with the conclusion of this court and the District Court that the personal liability of the Debtor on the presettlement interest is limited by the January 3, 2000 settlement agreement. *See supra* note 5.

482

## A. The $3,387 Disputed Credits

The issue regarding the $3,387 in disputed credits does not center around the amount but on whether the Debtor is statutorily barred from receiving the credits. The IRS concedes that the $3,387 has been transferred to an "excess collection account" but asserts that this sum "is not available as a refund to Debtor or credit against any other liability of Debtor by virtue of 26 U.S.C. § 6511(b)(2)(A)." (IRS Mem. in Opp. to Debtor's Cross–Mot. 1.) While the Debtor is correct that he has satisfied the three year provision of § 6511(a), he has not addressed the mathematical proscription of § 6511(b)(2)(A)[7] that limits the refund permitted under § 6511(a). The lookback provision of § 6511(b)(2)(A) caps any refund at the amount of tax paid during the period immediately preceding the filing of the claim, equal to 3 years plus any extension.[8]

Section 26 U.S.C. § 6513(b) provides in relevant part that "[f]or purposes of section 6511 ... any tax actually deducted and withheld ... will be deemed to have been paid ... on the 15th day of the fourth month following the close of his taxable year...." 26 U.S.C. § 6513(b). Thus, for tax years 1994, 1996, and 1997, withholding taxes were deemed paid on April 15, 1995, 1997, and 1998, respectively. When these dates are placed against the return filing dates of June 2, 2000 for tax year 1994, August 26, 2002 for tax year 1996, and September 25, 2002 for tax year 1997, the Debtor is clearly outside the safe harbor of the three year lookback and, thus, no refund credit is available to apply against the TFRP.

## B. The Request for Setoff

▮ The equitable remedy of setoff is defined as: "[a] debtor's right to reduce

the amount of a debt by any sum the creditor owes the debtor." BLACK'S LAW DICTIONARY 1404 (8th ed.2004). The Bankruptcy Code recognizes and preserves the right of setoff in 11 U.S.C. § 553(a) and, in general, four conditions must be met for the concept to be invoked:

(1) The creditor holds a "claim" against the debtor that arose before the commencement of the case;

(2) The creditor owes a "debt" to the debtor that also arose before the commencement of the case;

(3) The claim and debt are "mutual;" and

(4) The claim and debt are each valid and enforceable.

Collier on Bankruptcy § 553.01[1] p. 553–7 (15th ed. rev.2005).

Thus, the remedy of setoff is premised on enforceable mutual debts between the parties. If that is not the case, or in other words, if the debtor/creditor relationship is only one-sided, there is nothing to setoff.

In the case *sub judice*, the Debtor is statutorily barred from receiving a refund under 26 U.S.C. § 6511(a) because of the monetary limitation of § 6511(b)(2)(A). Because there is no enforceable refund claim by the Debtor against the government, the Debtor has no debt to setoff against the TFRP. The Debtor's statute of limitation arguments are misplaced in that there is no dispute about the timeliness of the request for the refund or the amount of the refund. The fatal complication is the monetary cap provided for in § 6511(b)(2)(A). In the face of that section's interdiction, the equitable remedy of

---

7. *See supra* note 2.

8. It is undisputed that for each tax year at issue, there was a six month extension granted to the Debtor.

setoff is not appropriate. As a result, the Debtor's request is denied.

## C. Credit from Eleanor Hudson's 2001 Tax Return

■ The Debtor has focused his arguments on the submission of his late wife's 2001 tax return and whether in fact the government received it. While the court finds the common sense assertion by the Debtor that the return was filed, as shown by the affidavit of the CPA who prepared and mailed it, and that any resulting refund should be applied and credited against the TFRP persuasive, that is not a conclusion for this court to draw. The IRS does not concede the existence of a refund, and this court does not have the jurisdiction to adjudicate the tax liability of a non-debtor. *In re Holland Industries, Inc.* 103 B.R. 461, 467–68 (Bankr.S.D.N.Y. 1989) (collecting cases). That question must be initiated and decided in a court of competent jurisdiction. The Debtor's request for a ruling in this court is thus denied.

## III. FEES AND OTHER EXPENSES

The Debtor has requested an award for litigation expenses and attorney fees which the IRS argues he is not entitled to. The Debtor roughly outlines his expenses in the his motion, alleging he has expended at least ninety hours of attorney time and approximately $3,000 in out of pocket expenses. (Debtor's Summ. J. on IRS Proof of Claim ¶ 12 (incorrectly numbered ¶ 10)). Both parties acknowledge, and this court agrees, the controlling statutes in this determination are 26 U.S.C. § 7430 and to a limited extent 28 U.S.C. § 2412(d)(1)(B) and (2)(B). A review of the relevant statutes reveals that the court must analyze three issues to rule on the Debtor's request for attorney fees and/or costs: (A) whether a pro se attorney litigant is entitled to attorney fees and/or costs; (B) assuming the Debtor's pro se status is not disqualifying, does he run afoul of the statutory requirements necessary for an award of attorney's fees and/or costs; and (C) assuming he is eligible, the appropriate attorney fee and/or costs, if any, to allow.

## A. The Debtor's Pro Se Status

■ All the circuits have considered the issue of a non-attorney pro se litigant receiving attorney fees in connection with a claim under the Freedom of Information Act ("FOIA") and have denied such an award. *See Aronson v. United States Dep't of HUD*, 866 F.2d 1, 4 (1st Cir.1989) (collecting cases); *Benavides v. Bureau of Prisons*, 993 F.2d 257 (D.C.Cir.1993) (agreeing with other circuits that non-attorney pro se litigants are not entitled to attorney fees in connection with FOIA claims).

The Second Circuit has not ruled specifically on the issue of the appropriateness of awarding fees to an attorney who represents himself in a tax refund proceeding. The court has ruled, however, that a non-attorney pro se litigant is entitled to recover costs for photocopying, postage, covers, exhibits, typing, transportation and parking fees relating to a FOIA claim. *Kuzma v. Internal Revenue Service*, 821 F.2d 930 (2nd Cir.1987).

The First and Fourth Circuits have decided that pro se attorney litigants cannot receive fees in tax refund and tax litigations cases. Both circuits looked to similar cases before their courts involving FOIA and Truth in Lending Act ("TILA") claims denying fees to pro se attorney litigants on the basis that pro se attorneys would not be objective counselors and could engage in abusive fee generation. *See McCormack v. United States*, 891 F.2d 24 (1st Cir.1989) (relying on *Aronson v. United States Dep't of HUD, supra*) (FOIA claim);

*United States v. McPherson*, 840 F.2d 244 (4th Cir.1988)(relying on *White v. Arlen Realty & Development Corp.*, 614 F.2d 387 (4th Cir.1980)) (TILA claim).

Similarly, the Sixth and District of Columbia Circuits have denied fees to pro se attorney litigants in FOIA proceedings. *Falcone v. Internal Revenue Service*, 714 F.2d 646 (6th Cir.1983); *Burka v. U.S. Dept. of Health and Human Services*, 142 F.3d 1286 (D.C.Cir.1998). In *Falcone*, the Sixth Circuit opined that attorneys acting as pro se litigants could not recover legal costs that were never incurred reasoning that "[t]he award of attorney's fees to successful FOIA plaintiffs was intended to relieve plaintiffs with legitimate claims of the burden of legal costs; it was not intended as a reward for successful claimants or as a penalty against the government." *Falcone v. Internal Revenue Service*, 714 F.2d at 647. In contrast, the Fifth Circuit has held that self-representation in connection with a FOIA claim does not bar an attorney from receiving an award of attorney's fees. *Cazalas v. U.S. Dept. of Justice*, 709 F.2d 1051 (5th Cir.1983). In *Cazalas*, the Fifth Circuit took note of the *White* decision but did not find the Fourth Circuit's arguments persuasive. In addition, the court rejected the government's position that a pro se attorney would not have out of pocket legal expenses. *Id.* at 1056. It also rejected the contention that a pro se attorney would lack the objectivity to decide whether or not to pursue a claim. *Id.* Lastly, the court rejected the argument that pro se attorneys would bring actions solely to generate fees for themselves. *Id.*

The Fifth Circuit supported its fee award to a pro se attorney by explaining that Congress intended to encourage legal representation, thus it made sense to "compensate lawyers for this work." *Id.* at 1057. The court held in "compensating a pro se litigant, the only real measure of approximating fees incurred is the opportunity cost, or work foregone, due to the representation. This is relatively simple to value where the pro se litigant is an attorney, for the work foregone is of the same nature as that actually performed." *Id.* In essence, the Firth Circuit believed it would be relatively easy for a court to discern whether the pro se attorney litigant incurred the fees requested.

■ This court finds the definitions in §§ 7430(c) and 2412(d)(1)(B) for reasonable litigation costs and other expenses to be fluid and thus agrees with the Firth Circuit's holding in *Cazalas* that pro se attorney litigants are not disqualified from receiving fees based solely on their pro se status. As an award pursuant to 26 U.S.C. § 7430 is permissive; the court has wide discretion to scrutinize any fee request for unreasonableness, churning, etc. By allowing reasonable fees to pro se attorney litigants, the court will promote the "vigorous advocacy" policy advanced by the Firth Circuit in *Cazalas* while still retaining the ability to control fees awarded based on the facts of the case.

## B. The Statutory Requirements

An analysis of 28 U.S.C. § 7430 [9] reveals the following hurdles the Debtor must overcome to recover reasonable litigation

---

9. 26 U.S.C. § 7430, "Awarding of costs and certain fees," provides in relevant part:

    **(a) In general.** In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party my be awarded a judgment or a settlement for—

    . . . .

    (2) reasonable litigation costs incurred in connection with such court proceeding.

    **(b) Limitations. (1) Requirement that administrative remedies be exhausted.** A judgment

costs: (1) he must be the prevailing party (§ 7430(c)(4)(A)); (2) if he is the prevailing party, he must not have unreasonably protracted the proceeding (§ 7430(b)(3)); and (3) he must have exhausted his administrative remedies (§ 7430(b)(1)). Even if the Debtor overcomes these hurdles, the IRS will trump him if it establishes that its position was "substantially justified" (§ 7430(c)(4)(B)(I)).

### 1) Prevailing Party.

■ The first part of the test is relatively simple. The Second Circuit held the term "substantially prevailed" in § 7430(c)(4)(A)(I) can be reasonably interpreted to refer to the final outcome of the case, whether by court judgment or settlement. *See Cassuto v. Commissioner for Internal Revenue*, 936 F.2d 736, 741 (2nd Cir.1991). Here, the Debtor substantially prevailed on both the most significant issue and the amount in controversy. This court and the District Court agreed with the Debtor that interest on the TFRP is limited by the settlement agreement he

executed with IRS. As a result, the IRS claim has been reduced from over $50,000 to $5,103.83.

The second half of the test is more problematic for it refers to an entirely different statute and the requirements contained therein. The first sentence of 28 U.S.C. § 2412(d)(1)(B) states:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

28 U.S.C. § 2412(d)(1)(B).

The Debtor thus has a finite period of time to submit his application with the

for reasonable litigation costs shall not be awarded under subsection (a) in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service.

. . . .

(3) **Costs denied where party prevailing protracts proceedings.** No award for reasonable litigation and administrative costs may be made under subsection (a) with respect to any portion of the administrative or court proceeding during which the prevailing party has unreasonably protracted such proceeding.

. . . .

(c) **Definitions.** For purposes of this section—

(1) **Reasonable litigation costs.** The term "reasonable litigations costs" includes—

(A) reasonable court costs, and

(B) based upon prevailing market rates for the kind or quality of services furnished—

. . . .

(iii) . . . reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding. . . .

(4) **Prevailing party.** (A) In general. The term "prevailing party" means any party in any proceeding to which subsection (a) applies. . . .

(i) which—

(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

(ii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code . . . and meets the requirements of section 2412(d)(2)(B) of such title 28.

(B) Exception if United States establishes that its position was substantially justified. (I) General rule. A party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified.

appropriate supporting documentation on notice to his adversary.

"Party" is defined in 28 U.S.C. § 2412(d)(2)(B) as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed...." The Debtor submitted an affidavit sworn to October 24, 2005, attesting that his net worth "at all time relevant to this proceeding has been under $2,000,000." (Debtor's Aff. attached to Reply Mem. of Law dated Oct. 24, 2005). The IRS has not disputed, responded, or otherwise disagreed with the Debtor's assertion. The court thus finds that he has satisfied the net worth requirement.

▇▇▇ The last statutory question is whether the IRS has established that its position was "substantially justified." The IRS mistakenly believes the Debtor has the burden of proving the United States' position was not substantially justified. (United States Mem. of Law in Opp'n to Debtor's Cross–Mot. for Summ. J. 8.) Clearly, the statute places the burden on the government to "establish that its position was substantially justified." (26 U.S.C. § 7430(c)(4)(B)). Although not entirely clear, the IRS seems to argue that its position is substantially justified because the District Court and, by implication, this court should have looked beyond the unambiguous language of the settlement agreement to find the Debtor and his late wife liable for presettlement interest. The government offers nothing beyond this vague assertion and, as such, fails to carry its burden on the issue. Because the United States has not established that its position was substantially justified and the Debtor has met the statutory requirements of 26 U.S.C. § 7430(c)(4)(A), the court finds he is the prevailing party.

### 2) Protraction of Proceedings

The court finds that the Debtor did not unreasonably protract the proceeding.

The IRS has not alleged anything to the contrary.

### 3) Exhaustion of Administrative Remedies

The court finds, and the IRS does not argue to the contrary, that the Debtor has exhausted his administrative remedies.

### C. The Appropriate Fees/Costs

Any award of fees must await the Debtor's submission as required by 28 U.S.C. § 2412(d)(1)(B). When that application is submitted and the IRS has had an opportunity to object or comment, the court will issue an appropriate ruling.

### CONCLUSION

Based upon all of the foregoing, the court respectfully declines to revisit its earlier decisions of November 30, 2004 and December 7, 2004. Further, the court denies the Debtor's request for additional credits or offsets against the IRS's proof of claim, however, the court does find the Debtor is the prevailing party in these proceedings and will await an appropriate application for fees and/or costs.

It is so ORDERED.