**In re Paul S. HUDSON, Debtor.**

No. 00–11683.

United States Bankruptcy Court,
N.D. New York.

April 27, 2007.

Paul S. Hudson, Esq., Crofton, MD, Pro se.

Paul S. Hudson, Esq., Sarasota, FL, Pro se.

Bartholomew Cirenza, Esq., Washington, D.C., Attorney for U.S. Department of Justice, Tax Division.

## MEMORANDUM–DECISION AND ORDER

ROBERT E. LITTLEFIELD, JR., Bankruptcy Judge.

In a prior Memorandum–Decision and Order, entered May 16, 2006, the court found Paul S. Hudson ("Hudson") to be a prevailing party and, thus, entitled to recover attorney's fees pursuant to 26 U.S.C. § 7430 from the Internal Revenue Service ("IRS") in connection with his claim objection, despite Hudson's status as a pro se attorney litigant. *In re Hudson*, 345 B.R. 477 (Bankr.N.D.N.Y.2006), *appeal docketed*, No. 1:06–cv–00763 (N.D.N.Y. June 19, 2006).[1] The court agreed with the Fifth

---

1. With respect to Hudson's status as a pro se attorney litigant, the IRS argued that Hudson lacks standing to assert a claim for recovery of reasonable litigation costs because he did not pay or incur any fees for legal services rendered. The IRS cited no authority in sup-

Circuit that a litigant attorney's pro se status should not in and of itself preclude an award of attorney's fees under a fee shifting statute. *Cazalas v. U.S. Dept. of Justice,* 709 F.2d 1051 (5th Cir.1983) (Attorney's fees awarded to pro se attorney litigant under the Freedom of Information Act (FOIA), 5 U.S.C. § 552). In awarding fees to a pro se attorney litigant under 26 U.S.C. § 7430, "vigorous advocacy" is promoted, yet because such an award is permissive, the court has wide discretion to scrutinize any fee request for unreasonableness, churning, etc. *In re Hudson,* 345 B.R. at 484.

■ Currently before the court is Hudson's application to recover attorney's fees in the amount of $21,106 from the IRS. The IRS filed a response to Hudson's application, which included a motion to reconsider the court's award of fees to Hudson on the grounds that its position was substantially justified and, even if the court determined otherwise, Hudson, as a pro se litigant, is not entitled to an award of attorney fees pursuant to 26 U.S.C. § 7430.[2] The response did not address the reasonableness of the attorney's fees sought by Hudson. Although no specific objection was raised to the amount of the attorney's fees sought by Hudson, the court believes it has an affirmative duty to examine the propriety of the fees in connection with an award under § 7430.

The court has jurisdiction over this core matter pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (O), and 1334(b).

■ The burden of proving actual fees incurred rests on the applicant. *Abernathy v. United States,* 158 B.R. 749 (Bankr.N.D.Ill.1993) (citation omitted). In evaluating the reasonableness of attorney's fees, the court is guided by the "lodestar" approach, which requires the court to determine the reasonable hourly rate for services rendered and multiply that by the reasonable number of hours required to complete the task at hand. In this case, however, the court is also guided by 26 U.S.C. § 7430(c)(1)(B)(iii) which caps the hourly rate for attorney's fees to be awarded to the prevailing party unless the court determines that a "special factor" justifies a higher rate.[3] For any calendar

port of its position. The IRS has appealed the court's Memorandum, Decision & Order entered May 16, 2006 (the "Order"). While the Order is final as to the disposition of the IRS's claim and the court's finding that Hudson is a prevailing party under 26 U.S.C. § 7430(c)(4)(A), it is not final as to the amount of attorney's fees to be awarded to Hudson, which is the subject of the application currently pending before the court. The IRS did not seek a stay of the court's determination of the attorney fee award.

2. The court denied the IRS motion to reconsider by order entered July 24, 2006, as the motion was procedurally defective and untimely, and the IRS provided no basis for the relief pursuant to Federal Rules of Bankruptcy Procedure 9023 or 9024. (No. 444.)

3. Section 7430(c)(1)(B)(iii) of the Internal Revenue Code provides: (c)(1) Reasonable litigation costs. The term "reasonable litigation costs" includes—

    . . . .

    (B) based upon prevailing market rates for the kind or quality of services furnished—

    . . . .

    (iii) reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $125 per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate.

    In the case of any calendar year beginning after 1996, the dollar amount referred to in clause (iii) shall be increased by an amount equal to such dollar amount multiplied by the cost-of-living adjustment determined under section 1(f)(3) [26 U.S.C. § 1(f)(3)] for such

year beginning after 1996, the capped rate fixed by 26 U.S.C. § 7430 shall be the base rate referred to in the statute increased by an amount equal to the base rate multiplied by the cost-of-living adjustment determined under 26 U.S.C.S. § 1(f)(3) for such calendar year.[4] The court finds the capped rates for attorney's fees for the years in question to be as follows:

| Year | Base Rate | Cost–of–Living Adjustment[5] | Increase | Adjusted Rate Rounded to Nearest Multiple of $10 |
|------|-----------|------------------------------|----------|--------------------------------------------------|
| 2003 | $125/hr | 18.18% | $22.73 | $150.00/hr |
| 2004 | $125/hr | 20.73% | $25.91 | $150.00/hr |
| 2005 | $150/hr [6] | 23.94% | $29.93 | $180.00/hr |
| 2006 | $150/hr | 28.45% | $35.56 | $190.00/hr |

Hudson seeks hourly compensation of $150 for 2003 and 2004, $160 for 2005, and $170 for 2006. In arguing for these hourly rates, Hudson asserts the rates are considerably below the hourly rate he charges in his practice. Hudson, however, does not disclose his normal hourly rate. Hudson also argues the rates are well below the rates being charged by attorneys in the Capital District and allowed by this court. The court does not entirely agree with this characterization by Hudson. While there have been fees awarded at rates greater than $150–$170 per hour in this court, there have also been fees awarded at these rates and below these rates. Hudson, however, does not supply the court with any information to substantiate his argument that he is entitled to the maximum compensation under § 7430 or a

premium rate. While Hudson indicates he was admitted to practice in 1974, he does not disclose where he is admitted to practice, the number of years he has practiced law, what areas of law he practices, his areas of expertise, the nature of his practice, or where his practice is located. Except for his own bankruptcy case, the court is uncertain if Hudson has any other bankruptcy or tax law experience.

Hudson refers to fees awarded to counsel for the trustee in his bankruptcy case at a rate of $200 per hour. Counsel for the trustee, however, appears in this court often, and the court is very familiar with his practice and knows him to be both an experienced bankruptcy attorney, as well as an experienced trial attorney. The court cannot make the leap that Hudson is a similarly situated practitioner. By set-

---

calendar year, by substituting "calendar year 1995" for "calendar year 1992" in subparagraph (B) thereof. If any dollar amount after being increased under the preceding sentence is not a multiple of $10, such dollar amount shall be rounded to the nearest multiple of $10. 26 U.S.C. § 7430(c)(1)(B)(iii).

4. *See supra* note 3.

5. The cost-of-living adjustment for any calendar year is the percentage (if any) by which—
(A) the consumer price index (CPI) for the

preceding calendar year, exceeds (B) the CPI for the calendar year 1995. *See* 26 U.S.C. §§ 1(f)(3) and 7430(c)(1)(iii). The CPI for any calendar year is the average of the CPI as of the close of the 12–month period ending on August 31 of such calendar year. *Id.*

6. For fees incurred in calendar year 2005, the attorney fee award limitation under 26 U.S.C. § 7430(c)(1)(B)(iii) is $150 per hour. *See* § 3.35 of Rev. Proc.2004–71.

ting a cap on the hourly compensation to be awarded under § 7430, rather than providing for a fixed hourly rate, Congress arguably anticipated that some litigants would be awarded fees at the maximum rate and others below it. Based upon the lack of information regarding Hudson's credentials and his practice, the court finds that a rate of $125 per hour for services rendered in 2003, 2004, 2005, and 2006 appropriate.

The Second Circuit made clear in *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir.1983) that "any attorney ... who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records." *Id.* at 1148. Such records should specify, for each attorney, the date, the hours expended, and the nature of the work done. *Id.* Meticulous time records revealing the hours for which compensation is requested and how those hours were allotted to specific tasks enables the court to audit the hours expended on a task and determine whether they were reasonable.

While not at issue in this case, 11 U.S.C. § 330, provides guidance to bankruptcy courts in determining fee awards. Thus, the court will review Hudson's time records and his fee requests adhering to the criteria articulated in *In re Lawrence Agency Corp., et. al.*, Case No. 97–11302 (Bankr.N.D.N.Y. July 8, 1998), along with the "lodestar" approach.

■ Hudson's application is replete with deficiencies and problems. Except for Exhibit A, "Schedule of Attorney Time by Paul Hudson," attached to the application, Hudson's application does not address the substance of the services he provided or, as indicated above, his own professional credentials. (Hudson's First Application for Litigation Expense Award ("Hudson's Application"), Ex. A, No.434.) Instead, Hudson uses his application as a vehicle to rehash the arguments in support of his underlying claim objection. Overall, several features of Hudson's fee application trouble the court, including failure to maintain contemporaneous time records, lumping of tasks, vague descriptions of services performed, and compensation being sought for tasks clerical in nature rather than legal. These inadequacies are addressed in more detail *infra*. Based upon the foregoing, the court could deny the fee request in its entirety, however, the court acknowledges that it did find Hudson to be a prevailing party, and he did perform some legal services that resulted in an overall benefit to the estate. Rather than deny the fee request, the court believes an overall fee reduction of 50% to be appropriate to address its concerns.

### Failure to Maintain Contemporaneous Time Records

Certain services performed by Hudson were allegedly rendered over numerous days, with only one corresponding time entry. In many cases, Hudson failed to adequately document how he utilized large chunks of time. Such practice causes the court to question whether Hudson maintained contemporaneous time records, bringing into question the accuracy of his record keeping. Examples of this type of billing are:

| *Year 2003* | |
| --- | --- |
| *Hours* | *Date(s)* |
| 26.0 | 1/30–2/5 |
| 12.0 | 7/20–29 |
| *Year 2005* | |
| .6 | 5/11–12 |
| 3.7 | 6/5–6 |
| .6 | 6/13–21 |
| 10.0 | 5–7 [7] |

**7.** It is unclear what date(s) "5–7" is meant to represent.

| 2.5 | 7/8–12 |
| 15.8 | 7/12–14 |
| 1.9 | 9/25–10/4 |
| 10.9 | 10/2–4 |
| 1.6 | 10/5–6 |
| 1.5 | 10/12–16 |
| 4.6 | 10/12–16 |
| 6.5 | 10/23–24 |
| *Year 2006* | |
| 7.0 | 6/5–6 |
| 3.0 | 6/7–30 |

(Hudson's Application, Ex. A.)

### *Lumping*

Several of Hudson's time entries contain numerous tasks spread over several hours, or sometimes days. This practice of "lumping" prevents the court from fairly evaluating whether individual tasks were expeditiously performed within a reasonable period of time because it is impossible to separate the tasks that were lumped together. Examples of this type of billing are:

*Year 2003*

| Date(s) | Description |
| --- | --- |
| 1/30–2/5 | Affidavit in support of objection to IRS proof of claim (POC) by PSH, memo of law, schedules of payments with exhibits (39 pages) |
| 17/20–29 | Reply Aff. & Memo of Law with exhibits (15 pages) |

*Year 2004*

| | |
| --- | --- |
| 3/27 | Supplementary Memo of Law with Exhibit, review Decision & Order of DC in related case |

*Year 2005*

| | |
| --- | --- |
| 5/5 | Motion hearing re discovery enlargement of time request, review and drafting of agreed order |
| 5/11–12 | Review and negotiate order re discovery scheduling |
| 6/13–21 | Conference/hearing re extension for discovery, review proposed order by IRS attorney Melcher via 6 emails |
| 7/8–12 | Settlement offer and negotiations |
| 7/12–14 | Depositions and document discovery |

| 8/8 | Proposed Scheduling Order and Stipulation of Facts by PSH |
| --- | --- |
| 9/25–10/4 | Drafting & Negotiating of Joint Stipulation of Facts |
| 10/2–4 | Motion for Summary Judgment, Debtor's Aff. in support with exhibits A–F, memo of law |
| 10/5–6 | Review IRS Statement of Material Facts with Exh. 1–3, IRS affidavit in support, memo of law, IRS motion for entry of money judgment |
| 10/12–16 | Confer with and assist in preparation of declaration S. Drislane, CPA |
| 10/12–16 | Declaration and Supplementary Affirmation |
| 10/26 | Review IRS Reply memo of law and declaration |

*Id.*

### *Vague Descriptions of Work Performed*

In order for the court to determine its reasonableness, a fee application should easily identify each task performed. The court should be able to determine from the time entries themselves the legal issues involved, the difficulties of the issues, and the resolution or results obtained. Many of Hudson's time entries contain vague and inadequate descriptions. There are references to telephone calls that do not make clear who the calls were with or the substance of the call. There are several references to a "memo of law" without any indication as to whether time is sought for researching and/or drafting of the memorandum nor the legal issues involved. These types of entries make a fair evaluation of the work done and the reasonableness and necessity for the work extremely difficult, if not impossible. Examples of vague billing entries are:

*Year 2003*

| Date(s) | Description |
| --- | --- |
| 1/30–2/5 | Affidavit in support of objection to IRS proof of claim (POC) by PSH, memo of law, schedules of payments with exhibits (39 pages) |

| | |
|---|---|
| 6/9 | Letter by PSH re Supplementary Response of IRS |
| 7/20–29 | Reply Aff. & Memo of Law with exhibits (15 pages) |
| 8/25 | Letter re IRS reply papers |
| **Year 2004** | |
| 3/27 | Supplementary Memo of Law with Exhibits, review Decision & Order of DC in related case |
| **Year 2005** | |
| 4/22 | Letter re opposition to IRS discovery extension request |
| 6/5–6 | Combined discovery demands to IRS |
| 6/10 | Review two IRS letters faxed to BC |
| 5–7 [8] | Respond to IRS discovery demands and subpoenas |
| 7/8–12 | Settlement offer and negotiations |
| 7/12–14 | Depositions and document discovery |
| 9/25–10/04 | Drafting & Negotiation of Joint Stipulation of Facts |
| 10/2–4 | Motion for Summary Judgment, Debtor's Aff. In support with exhibits A–F, memo of law |
| 10/12 | Affidavit and related papers in opposition to IRS motion for summary judgment |
| 10/18 | Telephone conference with court |
| 10/23–24 | Reply memo of law |

*Id.*

### Clerical Tasks Versus Legal

▪▪ The court considers administrative activities, photocopying, organizing documents, etc. clerical tasks included in a firm's overhead rather than services of a legal nature. Several of Hudson's entrees for correspondence are too vague for the court to determine whether the correspondence was of a legal nature, or merely an enclosure letter. Rather than deny fees for these tasks all together, the court believes the overall 50% reduction is suffi-

cient to address its concern. However, on four occasions (1/30/03–2/5/03, 7/20/03–7/29/03, 3/27/04, and 10/2/05–10/4/05) Hudson seeks reimbursement for "exhibits" to a submission. *Id.* Assembling and photocopying exhibits is something the court considers clerical in nature. Therefore, it denies the fees associated with these tasks. In addition, in this case, Hudson was the client. Thus, Hudson should have had first hand knowledge and access to much of the documents and information pertinent to the underlying claim objection. Each of these tasks, however, was lumped together with other tasks, making it impossible for the court to determine what portion of the time reported was allocated to the "exhibits." Thus, the court will divide the total time reported by the number of tasks performed to determine the time spent on each task and disallow the time spent on "exhibits," namely 16 hours.[9]

### *Preparation of Fee Application and Appeal*

▪ Hudson seeks to be compensated for 7.0 hours spent over the period June 5, 2006–June 6, 2006 for preparing his application to the court for an award of litigation expenses. In a proceeding to determine an award of attorney's fees, an attorney may include his fees for preparing the petition seeking litigation costs. *Cassuto v. C.I.R.*, 93 T.C. 256, 1989 WL 98722 (1989), *aff'd in part, rev'd in part*, 936 F.2d 736 (2d Cir.1991). Even so, Hudson's application contains very little information regarding his fee request. The substance of his request was contained in his purported time records, attached to his application as Exhibit A, which the court determined were deficient in many respects. Therefore, the court deems it ap-

---

**8.** *See supra* note 7.

**9.**

| | |
|---|---|
| 1/30/03–2/5/03 | 26 hours/3 tasks = 8.7 hours |
| 7/20/03–7/29/03 | 12 hours/3 tasks = 4 hours |
| 3/27/04 | 1.8 hours/3 tasks = .6 hours |
| 10/2/05–10/4/05 | 10.9 hours/4 tasks = 2.7 hours |

propriate to allow Hudson one hour for preparation of his application and to deny the other 6 hours requested by Hudson. In addition, Hudson seeks reimbursement for .1 hour on May 31, 2006 to "[r]eview IRS notice of appeal," and for 3.0 hours over a 24 day period from June 7, 2006 through June 30, 2006 for "[e]stimated additional time for appeal responses and application for litigation expense award in June 2006." (*Id.*) These fees will be disallowed. While the court will award fees for services performed in connection with Hudson's objection to the IRS's claim in this court, any fees sought in connection with an appeal are more appropriately decided by the appellate court, here the United States District Court.

Based upon the foregoing, Hudson's application for attorney fees pursuant to 26 U.S.C. § 7430 is granted as follows:

*Year 2003*
Total hours requested: 43.0
Total hours disallowed: 12.7 [10]
$125 per hour × 30.3 hours allowed = $3,787.50
*Year 2004*
Total hours requested: 8
Total hours disallowed: .6 [11]
$125 per hour × 7.4 hours allowed = $925.00
*Year 2005*
Total hours requested: 72.2
Total hours disallowed: 2.7 [12]
$125 × 69.5 hours allowed = $8,687.50
*Year 2006*
Total hours requested: 11.2
Total hours disallowed: 9.1 [13]
$125 × 2.1 hours allowed = $262.50
Total attorney's fee $13,662.50 × 50% [14] = $6,831.25

Therefore, it is ORDERED that the United States of America, pursuant to 26 U.S.C. § 7430, pay Hudson attorney's fees in the amount of $6,831.25 within 30 days of entry of this Order.

---

**10.** *See supra* note 9

**11.** *See supra* note 9

**12.** *See supra* note 9

**13.** *See* discussion on fees for preparation of fee application and appeal at pp. 881–82 *supra.*

**14.** *See* discussion on overall fee reduction at pp. 878–79 *supra.*